Dorothy W. Elliott, Appellant,

*v.*

Dollar General Corporation et al., Appellees.

475 S.W.2d 651.

(*Knoxville,* September Term, 1970.)

Opinion filed February 1, 1971.

Petition On Rehearing April 15, 1971.

JOHN S. WRINKLE, Chattanooga, for appellant.

BISHOP, THOMAS, LEITNER, MANN & MILBURN, Chattanooga, for appellee, Williams.

CAMPBELL & CAMPBELL, Chattanooga, for appellee, Dollar General Corp.

MR. SPECIAL JUSTICE JENKINS delivered the opinion of the Court.

The plaintiff below, Dorothy W. Elliott, hereinafter referred to as the plaintiff, sued the defendants, Dollar General Corporation, the lessee of the premises, Joe V. Williams, Jr., individually and as Trustee, and Robert Scholze Williams, individually and as Trustee, the owners and lessors of the premises, claiming damages for personal injuries in the amount of $50,000.00. The defendants demurred to the declaration, and said demurrers were sustained by the trial judge and the plaintiff has appealed.

The declaration in short says that plaintiff entered the defendant's mercantile establishment which was old and

run down and that in the course of her shopping, she was confronted with an emergency and had to go to the rest room. Plaintiff says that she was directed to the rest room, also old and run down and unlighted; that in order to see she lowered the commode seat, climbed thereupon, and was reaching for a pull cord to illuminate the place when she, due to a defective commode seat and lid, fell one foot in the commode and one out as a result of which she was severely injured and damaged.

The defendants demurred to plaintiff's declaration on several grounds, the main one, that the plaintiff was guilty of contributory negligence in climbing on the commode and reaching for the light cord; that the commode was to sit on for the purpose for which it was made, installed and maintained.

The trial court sustained the demurrer and the plaintiff has appealed.

The issue is simple. Was the plaintiff guilty of such contributory negligence as a matter of law which would bar a recovery herein? To decide this question, we, of necessity, must consider the facts as alleged and the surrounding circumstances and the law applicable thereto.

When plaintiff entered this private of all private places, referred to in the pleadings as a rest room, a water closet, bathroom—and by the country term privy —she looked about and saw the commode or toilet (she apparently could see the seat and seat cover thereon) and desiring more illumination in said rest room, she saw an electric light cord hanging from the ceiling, and she lowered the seat and lid, and then proceeded to mount the same on foot. This, she either accomplished or was in the act of accomplishing, when she slipped or was

caused to fall therefrom, landing with one foot in the commode or water closet, the other foot and rest of her body falling backward onto the floor, said fall from her perch on the closet lid causing her serious injuries.

The record does not reveal whether the plaintiff was accustomed to running water and lights in the house and the convenience of an inside toilet, and while the defendants' toilet, bathroom or rest room did not measure up to the standards of luxury as described in The Ladies Home Journal or Good Housekeeping with brilliant lighting, bath towels, soap and other accessories pastel colored and delicately scented, we cannot say that it was dangerous or unsafe to the public if it had been used for the purpose for which it was designed. It is true that according to the pleadings it was nearer in construction to the old outside privy referred to in the defendants' brief. This, we vividly remember, for "how dear to our hearts are the scenes of our childhood,"—except "in the good ole winter time."

The defendants go into great detail about what a commode is for, quoting Funk & Wagnall to support their contention. This makes us wonder if the defendants think this Court has reached the point in life where we need a re-education along this line. We know that counsel cannot be too presumptuous but it must be presumed that the Court knows at least the elementary principles of our way of life, and we do not need to be told what a toilet, rest room or privy is used for. It is a matter of common knowledge that the older one gets the more accustomed one becomes to that fact. Judicial notice in this instance is indeed not necessary.

The defendants, in their brief, ask the Court to use our imagination and take judicial knowledge of "the general

construction of a water closet seat, usually being oval or rounded and sloping toward the inside. Usually the seat is designed to conform generally to the contours of the human posterior. Sometimes the set is a complete oval and sometimes it is so designed as to leave an opening at one end.'' This, we can and will do—not that it helps either side or the Court in the decision of this case.

The defendants, in their brief, also ask this Court to be violently presumptuous and to take judicial knowledge of the following, and we quote: ''that when the commode seat is in use by a member of the feminine gender that the standard or usual method of approach to it is to draw near, to then turn to face away from it, and to assume a sitting position with a portion of the user's weight on the user's feet.'' This, we cannot do, for never having witnessed such a described approach, whether proper or improper, and having no desire to do so, we would have to use our jaded imagination in this respect. We have no desire to do that. So, the matter of the proper way for a person of the female gender to approach a toilet or commode is left to the conclusion of the pleader.

We cannot, as suggested, take judicial knowledge of any mathematical formula whereby so much percentage of the user's weight shall rest on the posterior and so much on the feet. We are not aware that toilet makers (the modern-day Chick Sales) have progressed to such a scientific point.

The defendants say that the plaintiff should have called for help when she saw or failed to see the commode so as to use it in the proper manner. But we are not advised by the pleadings whether she was shy, or in a hurry; and we admire her tenacity, whether born of desperation or mod-

esty, and are not in position to criticize her action in this moment of crisis. But, are we to say that the defendants are to be charged with negligence as a result of her predicament?

The defendants move to strike a portion of the plaintiff's brief, reading as follows:

"Doubtless, the members of this Court know from experience that an ordinary commode seat and lid is strong and safe.

"In my own bathroom the medicine cabinet with fluorescent lights is turned on and off by by a small switch at the side of the cabinet; but the overhead light is controlled by a light switch at the entrance of the bathroom, and it has overhead a large light bulb, and this is shaded by a glass light shade in the form of a bowl upside down, screwed into the ceiling. This light bulb is almost directly over the commode; and it burns out about every twelve or eighteen months and it is necessary to unscrew the screws holding up the light shade so as to get in and remove the light bulb and place a new one in its place. I weigh 185 pounds and instead of going to the basement to get a step ladder, I let down the commode seat and the commode lid and step upon it and unscrew the light shade with a screw driver. I know of my own knowledge that it has never broken or even cracked . . ."

The Court views this as a conclusion of the pleader, interesting reading, and harmless. The Court envies plaintiff's attorney's agility and ability to perform such acrobatic feats from a toilet seat, but questions his judgment and feel we must warn said attorney to cease and

desist such conduct lest he befall the same fate as did his client in the instant case.

While the toilet seat or commode may have been unsafe to stand on, there is nothing in the record to show that it was unsafe to sit on or use in the conventional manner, so we must conclude that the plaintiff was putting the toilet seat and lid to a use that the defendants could not foresee, when she heisted herself thereon and was standing or attempting to turn on a light when she fell.

It is a fact recognized down through the ages, or since the toilet seat has been in general use, that it was designed for one part of the body, the human posterior. It was not designed to fit the pedal extremity or to be used as a step stool or a ladder.

■ Even though plaintiff's declaration alleges that the defendants' acts constituted "negligence that was almost gross negligence," (a new degree), such allegations are nothing more than conclusions of the plaintiff which are not admitted by the defendants' demurrers. A demurrer does not admit inferences from facts or conclusions of law, *Ashworth v. Carnation Co.* (1950) 190 Tenn. 274, 228 S.W.2d 337.

■ But even if it can be assumed that the defendant, Dollar General Corporation, was negligent, the plaintiff is nevertheless barred from any recovery. The declaration states conduct on behalf of the plaintiff which, absent any explanation, compels reasonable minds to conclude that she was guilty of contributory negligence which proximately caused her injuries. *McCampbell v. Central of Georgia Ry. Co.* (1952), 194 Tenn. 594, 253 S.W.2d

763. In *Stewart v. City of Nashville* (1896), 96 Tenn. 50, at page 57, 33 S.W. 613, at page 615, it was said:

"Whenever plaintiff's own case . . . raises a presumption of negligence on his part, the burden of repelling it is at once placed upon him. (A)nd where the circumstances attending the injury were such as to raise a presumption against him in respect to the exercise of due care, the law requires him to establish affirmatively his freedom from contributory negligence."

This rule has been applied to pleadings. *McCampbell v. Central of Georgia Ry. Co.*, supra.

Therefore, where the plaintiff, as an invitee on the premises, alleges that she stood upon a commode lid in order to reach a light cord, knowing full well that the lid was not intended for such a purpose, we must hold as a matter of law that she did not exercise ordinary care for her own safety; and any resulting injury was necessarily attributable to her own negligence.

Since the declaration discloses on its face facts from which proximate contributory negligence can be inferred and does not manifest other facts to rebut the inference, we are of the opinion that the trial judge was correct in sustaining the demurrers.

Neither may plaintiff's unwise actions be excused simply because she was confronted with an emergency, i. e., she found it necessary to use the rest room. The declaration alleges that the rest room was dark if the door was closed, but that the plaintiff could see the light cord hanging down. If there was sufficient light for the plaintiff to see the light cord, then there was sufficient light for the plaintiff to use the commode for its intended purpose.

For the foregoing reasons the order of the trial judge sustaining the demurrers is affirmed.

DYER, CHIEF JUSTICE, and CRESON, HUMPHREYS and Mc-CANLESS, JUSTICES, concur.

OPINION ON PETITION TO REHEAR

MR. SPECIAL JUSTICE JENKINS.

The plaintiff's attorney has, ten days after the time prescribed by our rules, filed a lengthy petition to rehear in which he re-argues the case.

The Court, having considered the petition, finds there is nothing new presented, and the petition is hereby denied.

DYER, CHIEF JUSTICE, and CRESON, HUMPHREYS and Mc-CANLESS, JUSTICES, concur.