**Walter FRAZIER and wife, Wanda Lee Frazier, Plaintiffs-Appellants,**

v.

**Charles L. MOORE and wife, Ellen Moore, Defendants-Appellees.**

Court of Appeals of Tennessee,
Eastern Section.

March 4, 1983.

Permission to Appeal Denied by
Supreme Court April 25, 1983.

Gordon Ball, with Ball, Dunn & Flanagan, Newport, for plaintiffs-appellants.

R. Loy Waldrop, Jr., of Morton, Lewis, King & Krieg, Knoxville, Fred Myers, Jr., of Myers & Myers, Newport, for defendants-appellees.

## OPINION

SANDERS, Judge.

The Plaintiffs have appealed from a summary judgment in favor of the Defendants in Plaintiffs' suit for personal injuries.

The Plaintiff-Appellant, Walter Frazier, filed suit in the circuit court against the Defendants-Appellees, Charles L. Moore and wife, Ellen Moore, for personal injuries received by him resulting from a fall while he was assisting in the construction of a small barn on Defendants' property.

In his complaint Mr. Frazier alleged he was employed by Mr. Moore to help construct a small barn on his property. Mr. Moore furnished all of the materials and supervised the construction of the barn. While Mr. Frazier was standing on a board used for scaffolding, it broke, causing him to fall to the ground, resulting in severe personal injuries. He alleged the Defendant failed to furnish him with a safe place to work and with defective materials, resulting in his injuries. He sought both compensatory and punitive damages. His wife, Wanda Lee Frazier, joined in the complaint seeking damages for loss of consortium.

The Defendants, for answer, denied they failed to furnish the Defendant a safe place in which to work or that they furnished him defective materials. A portion of their answer says: "It is specifically denied that the defendant, Charles L. Moore supervised the construction of the structure. The defendants aver that the plaintiff, Walter Frazier, was generally in charge of the methods and means of construction used on the barn that he was constructing for the defendant, Charles L. Moore. The defendants aver that the plaintiff, Walter Frazier, built the scaffold upon which he was standing at the time he fell. They aver that the plaintiff selected the materials out of which he would build the scaffold and determined himself the method and manner in which the scaffold would be built. The defendants specifically deny that either of them supervised or assisted in the preparation of the scaffold. They deny that they had any knowledge that any materials used by the plaintiff were defective. They deny that any such materials were defective, based on information and belief. They aver that the plaintiff failed to use a sufficient number of boards to support his weight." They contend Mr. Frazier, by his conduct, assumed the risk and was guilty of proximate contributory negligence. The Defendants then filed a motion for summary judgment and relied upon the pretrial depositions of the parties in support of their motion.

At the time of the hearing of the motion the court granted the motion for summary judgment as to the count for punitive damages and as to Mrs. Moore. After consideration of the pretrial briefs and the depositions, the court granted the motion as to Mr. Moore.

The Plaintiffs have appealed, saying the action of the court was in error.

In his determination of the case the court said: "According to the deposition of the plaintiff and in paraphrasing his testimony he testified essentially that he had used this same board that broke all the way down the side of the barn; that before using it he had checked it over to make sure it looked o.k. and it did look o.k. and he couldn't see anything wrong with it. That he did not test the board prior to using it and he was satisfied it was strong enough to hold him or he wouldn't have gotten on it. He testified that he checked it over sufficiently to satisfy himself that there was nothing wrong with it. He further stated that the board did not have any knotholes in it and he checked for knotholes and that he checked to see if it was rotten and he states it could not have been rotten or it would have broke before he fell later on."

\* \* \*

"As set forth in the defendant's Brief, from the plaintiff's own testimony in this case, he assumed the risk of using the board that he selected and further assumed the risk of the method of use that he selected. He inspected the board for knotholes, for soundness, to see if it was rotten, and found nothing wrong with it. He further testified that if he thought he had needed more than one (1) board for this particular use, he

would have asked for it and that his standard procedure was to use whatever he thought was safe. The board he chose was simply not strong enough to support his weight and there is no showing that the defendant had any superior knowledge about any defect in the board. . . ."

We concur with the findings of the court. Under Rule 12.02 of the Tennessee Rules of Civil Procedure, a motion to dismiss for failure to state a claim upon which relief can be granted is treated as a motion for summary judgment under Rule 56 when matters outside the pleadings are considered. Such a motion should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56.03, T.R.C.P. Such a motion requires the court to consider the proof in the record in the same manner as when the motion is one for a directed verdict made at the close of the plaintiff's proof; that is, to view the proof in the light most favorable to the party opposing the motion. *See Berry v. Whitworth*, 576 S.W.2d 351 (Tenn.App. 1978); *Stone v. Hinds*, 541 S.W.2d 598 (Tenn.App.1976). Although summary judgment is usually inappropriate in a negligence case, the court should grant such a motion when the standard of Rule 56.03 is satisfied. *Bowman v. Henard*, 547 S.W.2d 527 (Tenn.1977).

Plaintiff has alleged in the present case, and the proof read most favorably to him shows, that he was employed by the defendants at the time of his fall. As an employee or business invitee, the defendant landowners owed plaintiff a duty of reasonable care. *McCormick v. Waters,* 594 S.W.2d 385 (Tenn.1980); *Paradiso v. Kroger Co.,* 499 S.W.2d 78 (Tenn.App.1973). "On the other hand, possessors of land are not insurers of the safety of invitees. The proprietor will not be held liable if the dangerous or defective condition is obvious, reasonably apparent, or as well known to the invitee as to the owner." *McCormick v. Waters,* 594 S.W.2d at 387. Thus, in *Merritt v. Carr,* 621 S.W.2d 740 (Tenn.App. 1980), this court upheld a directed verdict for the defendant when the evidence showed that the danger of an open drain in a milking barn was apparent and was as well known to the plaintiff as to the defendant. It was also stated in that case that an employee assumes the ordinary risks of his employment and such extraordinary risks as are known to him. These principles governing the respective duties of the landowner and the invitee govern the present case.

The trial court held in the present case that Plaintiff's testimony established assumption of the risk as a matter of law. The elements of assumption of the risk are: (1) actual knowledge of the danger; (2) appreciation of the gravity of the danger; and (3) voluntary exposure to the danger. *Ellithorpe v. Ford Motor Co.,* 503 S.W.2d 516 (Tenn.1973); *O'Brien v. Smith Brothers Engine Rebuilders, Inc.,* 494 S.W.2d 787 (Tenn.App.1973). Knowledge of the danger can be established if the danger was so obvious that one was bound to know of it. *O'Brien v. Smith Brothers Engine Rebuilders, Inc., supra.* If the plaintiff was as fully aware of the danger as the defendant, the second element is established. *Merritt v. Carr, supra.* In the present case, Plaintiff's inspection of the board prior to using it to support him while he worked atop the barn shows that he knew of the danger of the board's breaking. Since he had seen boards used in this way by Defendant and had used the board that eventually broke for a considerable period of time, Plaintiff was as fully aware of the danger as Defendant. Yet, Plaintiff voluntarily and unreasonably exposed himself to the known danger of the board's breaking under his weight.

Under the proof in the record we find no error in the court's sustaining the motion for summary judgment.

The judgment of the trial court is affirmed and the cost of this appeal is taxed to the Appellants.

GODDARD and FRANKS, JJ., concur.