**James Fred CATHCART, III,
Plaintiff-Appellant,**

v.

**Darrell CATHCART and Fred Cathcart,
Defendants-Appellees.**

Court of Appeals of Tennessee,
Eastern Section.

Aug. 29, 1986.

Permission to Appeal Denied by
Supreme Court Nov. 3, 1986.

---

J. Lewis Kinnard, Madisonville, for plaintiff-appellant.

Kendred A. White, Madisonville, for defendants-appellees.

## OPINION

FRANKS, Judge.

Plaintiff's action for damages for injuries to his hand and arm, which became entangled in the drive mechanism of farm machinery, was dismissed by summary judgment on the sole ground "the injury sustained by plaintiff was a result of his voluntary assumption of the risk."

In the complaint, plaintiff, age 22, alleged he was employed by defendants on the family farm and in the course of his employment on August 22, 1984, was oper-ating a tractor towing a "forage box" in the course of harvesting corn for silage. While unloading the silage, the conveyor bar on the "forage box" became inoperative, and he attempted to dislodge the bar with his right hand when "suddenly and without warning the bar came loose and rather than moving as it normally does in a slow fashion it closed on his arm in the manner of a steel trap and pinned his arm between the bar and the edge of the wagon." Further, the complaint alleged plaintiff's arm was "crushed" by the accident and his right hand left virtually useless. Defendants were charged with being "guilty of negligence in failing to provide a safe place ... to work and safe equipment...."

Defendants' motion for summary judgment alleged assumption of risk on the ground plaintiff intentionally "removed the factory installed guard knowing the guard protected operators and persons around the box from getting into the moving mechanism which could injure a person." It further alleged plaintiff "intentionly [sic] inserted his hand and arm into the moving mechanism" knowing that the mechanism was moving and knowing that he would be injured.

Our analysis begins with the overview that as a general rule summary judgments are not appropriate in negligence cases, *Bowman v. Henard*, 547 S.W.2d 527 (Tenn. 1977), and the record must be viewed by the court in the light most favorable to the motion's opponent. *Taylor v. Nashville Banner Pub. Co.*, 573 S.W.2d 476 (Tenn. App.1978); *cert. denied* 441 U.S. 923, 99 S.Ct. 2032, 60 L.Ed.2d 396 (1979).

Three requirements must be met to fulfill the assumption of the risk test. Plaintiff must have discovered the defect, fully understood the danger presented by it and disregarded the known danger and voluntarily exposed himself to it. *Ellithorpe v. Ford Motor Company*, 503 S.W.2d 516, 522 (Tenn.1973). *See also Mullins v. Precision Rubber Products*, 671 S.W.2d 496

(Tenn.App.1984).[1] It has been observed that summary judgment on assumption of risk grounds is proper only when "it is so clear that plaintiff voluntarily and unreasonably encountered a known danger that reasonable minds could not differ on the point...." *Wyatt v. Winnebago Industries, Inc.*, 566 S.W.2d 276, 282 (Tenn.App. 1977). As Dean Prosser has noted, "[s]ince in the ordinary case there is no conclusive evidence against the plaintiff on these issues, they are normally for the jury to decide." Prosser and Keaton, *Torts*, at 487 (5th ed. 1984).

■  Plaintiff's deposition was considered by the court and reveals the machine had been "shearing pins" and plaintiff removed the guard, replaced the pins and informed his father that the machine was "giving trouble". He left the guard off so he could "keep a check" on the machine. He further testified that his father told him to "fix it, if it tore up, because it was raining, and we needed to get done that evening."

He testified the machine continued to operate without incident until he "heard something pop"; thinking the chain was loose, he put his arm underneath the bar to check the tightness of the chain when it "popped" catching his arm and twisting his arm around it. He testified he placed his arm in the area of the bar because he "knew the chain went so slow that there wasn't no way it could possibly hurt me." He further testified:

Q. And you knew you were inserting your arm in an area where the company had installed a guard that you had removed just a little while before; is that right?

A. Yes. But, I got permission to remove it so I could fix it if it tore up again.

Q. All right. You knew, though, that the guard was there, and that's what the guard was for, was to keep people out of it, wasn't it?

A. To keep it from hanging your clothes on it.

.    .    .    .    .

Q. When you went back and attempted to find what the problem was by sticking your arm in the bar area, knowing it to be moving, you still didn't disengage the power takeoff, did you?

A. No, because I didn't think it would get me.

Q. But, you knew that, if the power takeoff was engaged, it wouldn't get you, didn't you?

A. I knowed it probably wouldn't get me, because it turned too slow.

   If it had been working like it was supposed to have, it wouldn't have got me.

.    .    .    .    .

   The safety device on it wasn't working right either.

Q. All right. Tell me what the problem with it was.

A. I had to pull it about three minutes before I got it to release.

   If it had been working right, it would have released in a snap of the finger.

   I could have got it released before it tore my arm up.

The foregoing evidence does not establish as a matter of law that the plaintiff fully understood the danger. Professor Prosser, in discussing this element said:

   Knowledge of the risk is the watchword of assumption of risk.... [The plaintiff] must not only know of the facts which create the danger, but he must comprehend and appreciate the nature of the danger he confronts. A defect and the danger arising from it are not necessarily to be identified, and a person may know of one without appreciating the other.... The standard to be applied is, in theory at least, a subjective one, geared to the particular plaintiff and his situation, rather than that of the reason-

1.  "Assumption of the risk reflects a demonstration of 'actual knowledge of the danger and intelligent acquiescence in it....'" 671 S.W.2d 498.

able person of ordinary prudence who appears in contributory negligence.

Prosser and Keaton, *Torts,* at 487 (5th ed. 1984).

The summary judgment is vacated and the cause remanded for further proceedings.

Costs incurred on appeal are assessed to appellant.

SANDERS, J., and T. MACK BLACKBURN, Special Judge, concur.