871 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary M. SIVLEY, Plaintiff-Appellant,
Marcia Sivley, Plaintiff,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 88-5401.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1989.
 
 Before KEITH, BOYCE F. MARTIN, Jr. and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Gary M. Sivley appeals a summary judgment for the United States in this Federal Tort Claims Act case. We affirm.
 
 
 2
 In December 1985, Sivley was shot by a poacher, Mark Griffith, while hunting for deer on the Fort Campbell Military Reservation in Tennessee. Sivley won a damage award from Griffith in a separate action and now seeks recovery from the United States under the Federal Tort Claims Act.
 
 
 3
 Fort Campbell, a military base, is open to the public for hunting on a limited basis. All hunters at the reservation must have a valid state hunting license and must also obtain a hunting pass from the Army. At the Game Warden's office prior to each day's hunt, all hunters must select an area in which they will hunt for the day. Each hunting area is designated according to the type of weapons--gun or bow--used by the hunters. The other rules and regulations pertaining to hunting at the Fort are posted and are also distributed to the hunters in a booklet. A sign in the Game Warden's office requests hunters to report poaching or other violations of hunting regulations.
 
 
 4
 The Fort is bordered in part by private land. The areas of the Fort that border on private land are generally unfenced, although "no trespassing" signs are posted at intervals. Six military policemen regularly patrol the hunting areas in shifts. Three hunting accidents occurred at the Fort during the twenty years prior to Sivley's accident, which was the first accident to involve a trespasser.
 
 
 5
 Sivley is an experienced hunter, and he had hunted deer at the Fort on several occasions prior to the accident. In December 1985, Sivley made a deer hunting trip to the Fort with James Clark, another experienced hunter. Sivley and Clark chose to hunt in Area 1, an area designated for bow hunting. The day before the accident, Clark, while alone, saw a hunter with a gun near or on the border of Area 1, and the Fort personnel also chased a gun-hunting poacher from that area. Clark told Sivley about the gun hunter he had seen at the border of Area 1, but neither reported seeing the gun hunter. On the following day, Sivley and Clark went bow hunting in Area 1. The two hunters wore camouflage clothing, as permitted by Fort regulations in the bow hunting areas. Sivley was shot by Griffith, the same gun hunter seen the day before by Clark. Griffith had entered the Fort from adjacent, privately-owned land to hunt deer illegally.
 
 
 6
 Sivley filed an action against the United States under the Federal Tort Claims Act. He claimed that the United States was liable for his injuries because the United States knew or should have known that gun hunters regularly trespassed into Area 1, but took insufficient precautions to protect him from, or warn him of, the danger of such trespassers. The district court granted summary judgment to the United States on the grounds that: (1) the United States breached no duty to Sivley under the applicable Tennessee law; and (2) Sivley assumed the risk of injury from Griffith.
 
 
 7
 The parties agree that the United States is liable to Sivley to the extent that a private landowner would be liable to him under Tennessee law. According to Tennessee law, the duty of care owed by a landowner is one of "reasonable care under all of the attendant circumstances." Hudson v. Gaitan, 675 S.W.2d 699, 703 (Tenn.1984). On this appeal, Sivley argues that the United States did not act with reasonable care. Sivley alleges that, even though the United States knew or should have known that gun hunters routinely trespassed into Area 1, it unreasonably authorized bow hunting in Area 1 by hunters dressed in camouflage without taking measures sufficient to discourage gun-hunting poachers. We disagree with Sivley's argument.
 
 
 8
 The district court correctly held that the United States breached no duty to Sivley under Tennessee law. Contrary to Sivley's contention that the United States knew or should have known that gun hunters regularly trespassed in Area 1, the district court specifically found that Sivley failed to support his claim of a history of trespassing by poachers into Area 1. Even when viewed in a light most favorable to Sivley, his factual allegations fail to establish that the United States knew or should have known that gun hunters routinely poached in Area 1. Moreover, even if the United States did have reason to know of gun hunters poaching in Area 1, the United States cannot, as the district court stated, have breached any duty to Sivley by failing to warn him of the dangers presented by gun-hunting poachers. According to Tennessee law, the United States, as a landowner, had no duty to warn Sivley of the danger posed by poachers because the danger was as well known to Sivley as to the United States. Frazier v. Moore, 651 S.W.2d 240, 242 (Tenn.App.1983). Sivley admitted that Clark had told him of seeing a gun hunter at the border of Area 1 the day before the accident. Moreover, neither Sivley nor Clark reported the gun hunter to the Fort Campbell authorities by calling the posted toll free telephone number. The danger presented to bow hunters in Area 1 by gun-hunting poachers was therefore as well known to Sivley, an experienced hunter, as to the United States; consequently, the United States had no duty to warn Sivley of the possibility of danger to bow hunters in Area 1. In addition, the district court expressly found as a matter of law, contrary to Sivley's assertion, that the precautions taken by the United States to protect hunters were "reasonable under the attendant circumstances." We must agree with the district court that the United States breached no duty to Sivley under Tennessee law.
 
 
 9
 The district court also held for the United States on the ground that Sivley assumed the risk of injury from Griffith. Because we concluded that the United States did not breach its duty of reasonable care toward Sivley, we do not need to reach the issue of assumption of risk. Similarly, we need not reach and we express no opinion on the argument of the United States that Sivley's claim is barred by the discretionary function exemption to the Federal Tort Claims Act. Because we agree with the district court that the United States did not breach its duty of reasonable care, we affirm the district court's grant of summary judgment to the United States.