**Ben SIMS, Jr., Plaintiff,**

v.

**MEMPHIS PROCESSORS, INC., Defendant.**

**No. 87–2790–TUA.**

United States District Court, W.D. Tennessee, W.D.

May 8, 1990.

Ben Todd and Steven C. Grubb, Memphis, Tenn., for plaintiff.

DeWitt Shy, Jr., Memphis, Tenn., for defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

TURNER, District Judge.

Presently before the court in this diversity action is the defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

The plaintiff Ben Sims, Jr. has filed this action alleging that the defendant is liable in negligence under Tennessee tort law for a failure to maintain its loading dock in a safe condition which resulted in injury to the plaintiff. Conversely, it is the position of the defendant Memphis Processors, Inc. that it did not have a duty to warn or protect the plaintiff against known conditions on the defendant's premises; alternatively defendant argues that plaintiff's admitted knowledge of the dangerous condition establishes his contributory negligence and/or assumption of the risk as a matter of law.

The plaintiff's deposition establishes the facts for the purposes of this motion. On July 8, 1987, the plaintiff was employed by the Charles G. Lawson Trucking Co., a common carrier which maintained a trucking company on the yard of John Morrell's meat packing facility in Montgomery, Alabama. John Morrell regularly utilized Lawson drivers to deliver animal hides, meat and entrails to the defendant located in Memphis, Tennessee. As an over-the-road driver for Lawson, the plaintiff drove a tractor rig and used a flatbed trailer for the delivery of animal remains. To fill the flatbed trailer, removable vertical plywood side rails held stationary by intermittent grooved metal posts were used along the sides and across the rear of the trailer to enclose the substance to be hauled. Once a trailer was filled, a heavy plastic tarp was placed over the top of the trailer and was attached around the trailer's perimeter with elastic straps containing end hooks which hooked underneath the chassis of the flatbed. At the time of the incident at issue, the plaintiff had been driving such a loaded trailer from John Morrell to the defendant's facility for 5 months, approximately 7 times per week.

It was the Lawson drivers' procedure to pick up a loaded trailer at John Morrell at a time which would allow the driver to arrive at the defendant's facility in Memphis by 7:00 a.m., the time at which the defendant's employees would commence to unload the delivery. If the Lawson driver arrived in Memphis prior to 7:00 a.m., the driver normally unhooked the covering tarp on arrival and then slept in the tractor rig until the delivered trailer was completely unloaded.

In the late afternoon or evening of July 7, 1987, the plaintiff picked up a loaded trailer at John Morrell and subsequently arrived at the defendant's facility in Memphis between 3:00 and 3:30 a.m. on July 8. Upon his arrival, the plaintiff backed his trailer into the defendant's loading dock, leaving approximately 2 feet between the defendant's dock and the rear of the plaintiff's trailer. The plaintiff proceeded to exit his tractor rig, walked around the perimeter of the trailer, and unhooked the straps holding the trailer tarp in place. The plaintiff then walked up a set of stairs onto the defendant's loading dock and, placing one foot on the loading dock and one on the edge of his trailer, removed the rear end rails of the trailer. After standing the end rails on the defendant's dock, a procedure which lasted 5 to 10 minutes and required the plaintiff to walk around on the

dock, the plaintiff states that he proceeded to "step on to the back of the truck and roll my tarp up. When I got ready to step off the dock, my feet slipped, and I fell...." Specifically, the plaintiff notes that at the time of his fall he had placed his left foot upon the trailer and was in the process of removing his right foot from the loading dock on to the trailer when his left foot slipped causing him to fall off of the defendant's dock.

A description of the defendant's loading dock on the morning of July 8, 1987 reflects that the plaintiff found the area abandoned with one light turned on which "gave off a little glow." Further, the following exchange between the plaintiff and the defendant's attorney indicates that the defendant's loading dock was wet upon the plaintiff's arrival:

Q. So, you were stepping onto the side ledge on the side of the truck?

A. Yes, sir. The dock had had salt water and where they be unloading the cows where they be in the water, it drips on the dock when you unload. And that was on my boots, and I slipped off.

Q. Now, when you went up on that platform originally, up the stairs, was there water on the platform?

A. There was salt, salt water that would be in the hides. When they move the hides it drips.

Q. So, that was there on the platform?

A. Yes, sir, and it's slippery.

Q. When you were up there during that five to ten minute period, did you have to be careful because it was slippery up there?

A. Yes, sir.

(Plaintiff's Depo. at 85–87).

During his tenure with Lawson, and prior to the plaintiff's injury, the plaintiff had been informed by three of his co-workers about the slippery nature of the defendant's dock.

Relying on the facts above it is generally the plaintiff's position that the defendant was negligent in failing to make safe or warn the plaintiff of the slippery, hazardous condition of the defendant's dock. In contrast, the defendant alleges that the plaintiff was aware of the obvious condition of the dock and thus no duty to warn was imposed. Alternatively, the defendant states that by proceeding to untarp the trailer at 3:30 a.m., rather than waiting until 7:00 a.m. when the defendant's employees arrived, and due to plaintiff's awareness of the slippery condition of the defendant's dock, the plaintiff was contributorily negligent and/or assumed the risk of injury.

A review of the facts and all documents submitted to this court indicates that the defendant's motion should be granted.

Federal Rule of Civil Procedure 56(c) states that a summary judgment motion may be granted where "the pleadings, depositions, answers to interrogatories and admissions on file ... show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fed.R.Civ.P.* 56(c). It is settled that the moving party for summary judgment bears the burden of establishing to the court an absence of a genuine issue as to any material fact before summary judgment may be granted. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). When a showing is made by movant that the party with the burden of proof cannot produce sufficient evidence to establish an essential element of its case, summary judgment is appropriate against that party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* In essence, there can be no genuine issue as to a material fact when there is a complete failure of proof on an essential element of the nonmoving party's case because the inability to support an essential element of one's case renders all other facts immaterial. *Id.*

Further, upon the consideration of a summary judgment motion all evidence of the nonmovant is taken as true, and all justifiable inferences are to be determined in his favor. *Anderson v. Liberty Lobby,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). Although the defen-

dant bears the initial burden of establishing that there is no issue of material fact in support of his summary judgment motion, the plaintiff in turn is not relieved of producing evidence that would support a jury verdict in his favor. *Id.* at 256, 106 S.Ct. at 2514.

The Sixth Circuit has expanded on the above standard in stating that on a motion for summary judgment the "movant has the burden of showing *conclusively* that there exists no genuine issue as to a material fact." *Blakeman v. Mead Containers,* 779 F.2d 1146, 1150 (6th Cir.1985) (quoting *Smith v. Hudson,* 600 F.2d 60, 63 (6th Cir.), *cert. dismissed,* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979)). Additionally, although summary judgment in a negligence case is not absolutely precluded, the Sixth Circuit has stated:

> Summary judgment is rarely appropriate in controversies governed by a negligence standard because the facts and circumstances of each case determine the degree of care by which the defendant's conduct is to be measured.

*Ashby v. Hustler Magazine, Inc.,* 802 F.2d 856, 858 (6th Cir.1986) (citations omitted).[1]

Under Tennessee tort law the duty of care owed by a landowner or possessor to those injured upon the premises is no longer governed by the common law classifications of invitee or licensee.[2] *Hudson v. Gaitan,* 675 S.W.2d 699, 703 (Tenn.1984). Rather, a landowner or possessor owes to those upon his premises by express or implied consent a duty "of reasonable care under all of the attendant circumstances, foreseeability of the presence of the visitor and the likelihood of harm to him being one of the principal factors in assessing liability." *Id.* Thus, "[a] business proprietor has a duty to exercise reasonable care and

to maintain his premises in a reasonably safe condition for his invitees." *Benson v. H.G. Hills Stores, Inc.,* 699 S.W.2d 560, 562 (Tenn.Ct.App.1985).

■ When a defective or dangerous condition on the possessor's premises is alleged to have caused the plaintiff's injury, before liability will result, the plaintiff must show that the condition was created by the possessor of the premises or his agent, *Chambliss v. Shoney's, Inc.,* 742 S.W.2d 271, 273 (Tenn.1984), or if a dangerous condition was created on the premises by a third party there must be actual or constructive notice on the part of the possessor prior to the injury before the plaintiff can prevail. *Id.*

> The proprietor of a place of business is under a duty to exercise reasonable care to keep the premises in reasonably safe and suitable condition, including the removal of or warning against unsafe conditions caused by persons for whom the proprietor is not responsible or by the elements, if the circumstances of time and place are such that, by the exercise of reasonable care, the proprietor should have been aware of such condition.

*Id.* at 273.

In the context of a self-service type of business, it has been noted that a plaintiff may meet his burden of establishing constructive notice by the defendant where the dangerous condition causing injury is not an isolated one, but is reasonably foreseeable by the defendant due to a pattern of conduct, a recurring incident, or a continuing condition which causes the plaintiff's injury. *Worsham v. Pilot Oil Corp.,* 728 S.W.2d 19, 20 (Tenn.Ct.App.1987).

■ The essence of these Tennessee cases is that a possessor of land is only

---

1. *See also, Case v. Chesapeake & Ohio Ry. Co.,* 712 F.2d 1089 (6th Cir.1983) (Holding that lower court erred in granting summary judgment where there were disputed issues concerning defendant's negligence and plaintiff's contributory negligence); *Crumley v. Memorial Hospital,* 509 F.Supp. 531, 533 (E.D.Tenn.1979), *aff'd,* 647 F.2d 164 (6th Cir.1981) (In this circuit, negligence cases are ordinarily not susceptible of summary adjudication, but should be resolved by trial in the ordinary manner).

2. Although a landowner's duty of care is no longer governed by the injured party's classification as invitee or licensee, Tennessee courts continue to use these terms in defining the circumstances upon which the plaintiff was present on the defendant's premises. *See Chambliss v. Shoney's, Inc.,* 742 S.W.2d 271 (Tenn.Ct.App.1987); *Hutchinson v. Teeter,* 687 S.W.2d 286 (Tenn.1985).

liable to his invited visitors if he knows of the dangerous condition or by the exercise of reasonable care would know of it. Additionally, where a person is invited to transact business or do work on private premises not open to the public, that person normally has the assurance that the place is prepared for him. *McCormick v. Waters*, 594 S.W.2d 385, 388 (Tenn.1980).[3]

■■■ On the other hand, the plaintiff who is invited upon private premises is responsible for exercising reasonable care to recognize and avoid visible defective conditions. *Waters*, 594 S.W.2d at 388. If the defendant provides proof which raises the question of whether a reasonably prudent man would have discerned the danger and avoided it, the issue of contributory negligence on the part of the plaintiff is created. *Mullins v. Precision Rubber Products*, 671 S.W.2d 496, 498 (Tenn.Ct.App.1984). In Tennessee contributory negligence on the part of the plaintiff which is a proximate cause of the plaintiff's injury preludes recovery. *Elliott v. Dollar General Corp.*, 225 Tenn. 658, 664–65, 475 S.W.2d 651, 653 (1971).

■■■ An additional defense available to the defendant in landowner cases is that of assumption of the risk in which knowledge of the danger on the part of the plaintiff is the keystone of the doctrine. *Mullins*, 671 S.W.2d at 498. To prevail on the defense of assumption of the risk, the defendant must establish that the plaintiff: (1) discovered the defect, (2) fully understood the danger it presented, and then (3) disregarded the known danger and voluntarily exposed himself to it. *Id.* Further, such knowledge of danger by the plaintiff must be of a specific dangerous condition in contrast to general knowledge alone. *Haga v. Blanc & West Lumber Co., Inc.*, 666 S.W.2d 61, 65 (Tenn.1984).

■■■ In the present case, as an owner or occupier of business premises *Hudson* mandates that the defendant owed a duty of reasonable care under the circumstances to all persons upon its premises by express

or implied consent. Due to the fact that the plaintiff was engaged in the delivery of animal remains to the defendant's facility, inferentially pursuant to contract, and thus upon the defendant's premises either by express or implied consent, such a duty was owed to the plaintiff.

It is the defendant's position that the defendant is not an insurer of persons on its premises and that the defendant has no duty to warn of obvious, apparent or well known dangers. The plaintiff responds by pointing the court to *Bledsoe v. Delta Refining Company*, No. 8 T.A.M. 51–4 (C.A. W.S.1983). *Bledsoe* addresses the question of whether a proprietor, who is not shown to have created the dangerous condition, should be charged with knowledge of a dangerous condition brought about by his method of business; it does not deal with the issue of what effect plaintiff's knowledge of a dangerous condition has upon the defendant's duty to exercise reasonable care to keep its premises in a reasonably safe condition. In the motion at bar the court has not been called upon to address the question of the proprietor's or possessor's constructive knowledge; indeed there is evidence presented to support a finding that defendant's employees created the wet and slippery condition, thus taking that issue outside the realm of summary judgment.

The issue submitted by the defendant on this motion is whether defendant owes any duty to one on its premises by express or implied consent when the visitor has knowledge of the dangerous condition. There are opinions in Tennessee cases which seem to imply not. Thus, in *Frazier v. Moore*, 651 S.W.2d 240 (Tenn.Ct.App.1983), the court quoted from *Waters*, 594 S.W.2d at 387, when it upheld a summary judgment for defendant. "The proprietor will not be held liable if the dangerous or defective condition is obvious, reasonably apparent, or as well known to the invitee as to the owner." *Frazier*, 651 S.W.2d at 242. But *Frazier* affirmed a holding based on the

---

**3.** The subsequent opinion of *Hudson v. Gaitan*, 675 S.W.2d 699, impairs the *Waters* holding only to the extent that *Hudson* abandons the common law invitee/licensee distinctions when defining a landowner's duty of care owed to those consensually on the premises.

plaintiff's assumption of the risk, not that plaintiff's knowledge of a dangerous condition obviated defendant's duty to exercise care. Thus, *Frazier* noted: "[y]et, Plaintiff voluntarily and unreasonably exposed himself to the known danger," *Id.* at 242, and sustained the trial court's ruling that assumption of the risk was established as a matter of law.

More recently, the Tennessee Court of Appeals upheld defendant's summary judgment in the case of *Rusinek v. Kappa Sigma Fraternity,* 1989 WL 128282 (Tenn. Ct.App.1989), wherein the court held: "Even if the defendant created the dangerous condition or had constructive notice of the hazard proximately causing plaintiff's injury, if the plaintiff had equal or superior knowledge of the condition which caused the fall, the defendant would not be liable for injuries sustained by the defendant. [sic]"

The *Rusinek* court also noted that plaintiff argued that defendant failed to provide her a reasonably safe place to work. To that argument, the court noted:

We are of the opinion that this argument is immaterial since plaintiff had equal or superior knowledge to the defendant of the condition of the workplace....

Where a defendant has equal or superior knowledge, then even if the defendant fails to provide a reasonably safe place for the plaintiff to work, plaintiff will not prevail.

*Id.* at 4.

Again, however, the court concluded:

There is not a disputed issue of fact regarding whether the defendant provided the plaintiff a safe place to work since her claim would be barred as a matter of law because she knew of the condition of the steps *when she chose to walk down them.*

*Id.* at 4. (emphasis added).

*Rusinek,* like *Frazier,* simply recognizes that a voluntary exposure to a known danger may bar liability under the doctrine of assumption of the risk. Certainly the Tennessee court does not appear to relieve the landowner of his duty of reasonable care.

Tennessee courts have established that knowledge alone is not necessarily a bar to defendant's liability.

As pointed out in *Hellon v. Trotwood Apartments, Inc.,* (citation omitted), it is not the knowledge of the danger which bars the plaintiff—invitee, but rather it is whether the plaintiff, in view of the apparent danger, exercised reasonable care for his own safety.

*Mumford v. Thomas,* 603 S.W.2d 154, 156 (Tenn.Ct.App.1980).

In *Hellon v. Trotwood Apartments, Inc.,* 62 Tenn.App. 203, 460 S.W.2d 372, 375 (1970), the court held:

In the first place, equal knowledge does not absolve the defendant of negligence. If a defendant fails to exercise ordinary care under the circumstances, the defendant is negligent, regardless of who knows about the resulting danger.

While this motion for summary judgment clearly establishes that no claim in this case based on defendant's failure to warn is viable because of plaintiff's admitted knowledge of the slippery conditions, it does not establish as a matter of law that defendant exercised sufficient care to make its premises reasonably safe for persons on the premises by consent.

Tennessee cases have not directly addressed the question of whether plaintiff's knowledge of a dangerous condition obviates the premises' possessor's duty to exercise reasonable care to make the premises safe and suitable for their intended ordinary use. However, logic indicates that were that the case the statement of the possessor's duty might more simply be stated as a duty to warn of known or reasonably discoverable dangers, without reference to the necessity of making the premises safe. The Tennessee courts have not limited a premises' possessor's duty in all circumstances to giving a warning.

Normally, reasonable care to make premises safe will only require that the possessor warn his invited visitor of those dangers of which the possessor knows or should know; once an adequate warning is given, or when the danger itself is obvious and the visitor is thus aware or should be

aware of the dangerous condition, the obligation to protect against that danger is chargeable to the visitor and the possessor of the premises is entitled to expect the visitor to utilize his knowledge or abilities to observe and to avoid harm from the dangerous condition. Thus the visitor's knowledge, in this case admitted, will generally satisfy the possessor's duty and relieve him from further responsibility.

The duty to make the premises reasonably safe, however, recognizes that there may be conditions under which a simple warning, or reliance upon the visitor's own knowledge, will not suffice to make the premises reasonably safe. Thus, if the possessor of the premises has reason to anticipate that harm will occur despite his warning, or the visitor's own knowledge, the duty to exercise reasonable care requires more than a warning or more than reliance upon the visitor's knowledge.

The record in this case establishes that the plaintiff was involved in the performance of his job when he entered the defendant's premises; it does not establish whether he was required to roll the tarp nor, if so, to utilize the dock area to carry out that part of his job. The record does not establish whether the defendant had reason to anticipate that harm would occur, nor whether the plaintiff was instructed to avoid entry upon the dock at night, possibly before it was cleaned.

Thus, while the record plainly establishes that the plaintiff had knowledge of the dangerous condition, it simply does not address the issue of whether defendant had reason to anticipate the harm despite the obvious nature of the danger. Given that unaddressed issue, the record does not reflect that the plaintiff cannot establish one essential element of his case, that is, a duty on defendant's part to make the premises reasonably safe. On the question of defendant's negligence, the plaintiff would thus be entitled to go to the jury absent a finding of contributory negligence or assumption of the risk on the part of the plaintiff.

As noted earlier, the defendant also asserts that the plaintiff's claim is barred as a matter of law by plaintiff's contributory knowledge and assumption of the risk. In Tennessee it is well established that a visitor on another's premises has the responsibility to exercise reasonable care for his own safety. *Mumford*, 603 S.W.2d 154. Additionally, if the defendant establishes that the plaintiff (1) discovered the dangerous condition, (2) fully understood the danger the dangerous condition presented, and (3) disregarded the known danger and voluntarily exposed himself to it, the plaintiff's claim will be barred by that assumption of the risk. *Cathcart v. Cathcart*, 719 S.W.2d 301 (Tenn.Ct.App.1986); *Mullins*, 671 S.W.2d 496.

The defendant relies on the established facts that the plaintiff walked across the admittedly known "slippery" dock area where he removed the trailer's rear walls and then attempted to stand on the 3½ inch side ledge of the trailer in order to roll the tarp back when he knew that his boots were wet from the salt water on the dock. Additionally it is established without dispute that the plaintiff was aware of other earlier incidents when his co-workers had slipped and nearly injured themselves while attempting to unroll their tarps at the defendant's place of business.

The plaintiff's response to this portion of the motion is that: "The Defendant's remaining arguments of contributory negligence and assumption are obvious jury issues." It is not, however, perhaps so simple. This portion of the defendant's motion turns not on the question of whether the plaintiff is able to produce any evidence on an essential element of his case, but involves the more typical presentation of a motion for summary judgment wherein the defendant presents proof of material facts and argues that there is no genuine issue as to those material facts, thus in this case arguably entitling the defendant to a judgment as a matter of law as to the plaintiff's contributory negligence and assumption of the risk. In such a case, Rule 56 of the Federal Rules of Civil Procedure provides:

> When a motion for summary judgment is
> made and supported as provided in this

rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

*Fed.R.Civ.P.* 56(e).

The facts in this case as established by the plaintiff's deposition show that the plaintiff knowingly exposed himself to a known and appreciated hazard; this is not a case where the plaintiff failed to see or comprehend the dangerous condition which might explain his conduct in attempting to stand on the narrow ledge of the trailer while his boots were wet. So far as the record shows this is simply a case where the plaintiff voluntarily exposed himself to a danger that was fully known and appreciated by him.[4]

In Plaintiff's Response to Supplemental Memorandum in Support of Defendant's Motion for Summary Judgment, plaintiff argues that "he had no choice but to expose himself to the dangerous condition existing on the Defendant's loading dock" because his procedures were the standard procedures employed by him and his coworkers. Were that the case with respect to the record in front of the court, there might be an issue for the jury. But even if the court can infer that it was plaintiff's job responsibility to roll back the tarp, which is none too clear from the record, there is absolutely no evidence in this record to suggest that it had to be done from the defendant's dock, or after the plaintiff had walked on the slippery dock, or while plaintiff wore the wet and slippery boots. More importantly, there is no evidence in this record to justify the suggestion that plaintiff was compelled to step on to a narrow ledge on the side of the trailer with wet boots and it was that conduct which resulted in the fall.

The court concludes that the record in this case establishes facts without dispute that compel the conclusion as a matter of law that the plaintiff's conduct constituted both contributory negligence and assumption of the risk. Given this conclusion, the motion for summary judgment is well taken and is therefore granted.[5]

IT IS SO ORDERED.

---

**4.** Although the defendant's Supplemental Memorandum in Support of Defendant's Motion for Summary Judgment devotes substantial attention to the question of the lighting conditions present at the scene of plaintiff's fall and injury, the court has not relied upon those facts. The record simply does not reflect that the lighting conditions had anything to do with plaintiff's injury.

**5.** The motion for summary judgment was filed July 17, 1989. In his July 27, 1989 memorandum in opposition to the motion, plaintiff stated that he had conducted no discovery and suggested that if the court found merit in the defendant's motion, plaintiff wanted then to depose defendant concerning its actions. No affidavit was filed in accord with the requirements of *Fed.R.Civ.P.* 56(f) but, more importantly, plaintiff's suggestion that the court study the motion, determine its validity, issue its judgment, but then permit additional discovery places the cart before the horse. If discovery were needed, the proper procedure would be to seek to have the motion held in abeyance by Rule 56(f) procedures pending discovery shown to be appropriate. Moreover, this case was set for trial in October of 1989 and continued to permit the court to rule on the summary judgment motion. Under these circumstances, the request for additional discovery would be denied anyway, but the court notes the discovery request did not deal with the issues of contributory negligence and assumption of the risk and is therefore inapplicable under today's holding.