# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## ERNEST ANDERSON v. DAVID MILLS, WARDEN

**Appeal from the Circuit Court for Lauderdale County**
**No. 5964    Joe H. Walker, III, Judge**

---

**No. W2005-01403-CCA-R3-HC - Filed October 18, 2005**

---

This matter is before the Court upon the State's motion to affirm the judgment of the trial court by opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner is appealing the trial court's denial of habeas corpus relief. A review of the record reveals that the Petitioner is not entitled to habeas corpus relief. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. MCLIN, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

Ernest Anderson, pro se.

Paul G. Summers, Attorney General & Reporter; Brian Clay Johnson, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The Petitioner, Ernest Anderson, was convicted, on July 10, 1989, of one count of second degree murder. For this offense, Petitioner was sentenced to thirty (30) years in the Department of Correction. As alleged by the Petitioner, he was released on parole in 1995. He violated this release by a subsequent arrest and conviction and was incarcerated. Petitioner was, again, released on parole

1

in 1997. He was arrested in 2000 as a result of a domestic dispute. He was also arrested for public intoxication for which he was convicted and sentenced to two days in jail. Petitioner's parole was revoked as a result of his misdemeanor conviction. Petitioner was subsequently denied parole based upon findings that "[t]here is substantial risk that the offender will not conform to the conditions of release," "[t]he release from custody at this time would depreciate the seriousness of the crime of which the offender stands convicted or promote disrespect for the law," and "due to parole violations." Petitioner is currently confined at the West Tennessee State Penitentiary in Henning, Tennessee.

On May 24, 2005, Petitioner filed a habeas corpus petition in the Circuit Court for Lauderdale County. As grounds for relief, Petitioner asserted that he is being unlawfully restrained of his liberty by the State of Tennessee's Parole and Probation Board. Specifically, he complained that, he is being illegally restrained by the parole board in violation of their parole guidelines. Petitioner further alleged that he has a liberty interest toward parole and such liberty may not be denied without due process. In support of his immediate release from confinement and not another parole hearing, Petitioner relied upon *Wilkinson v. Dotson*, – U.S.–, 125 S. Ct. 1242 (2005). The trial court reviewed the petition and, on May 27, 2005, denied the same, finding that the Petitioner's challenge to the actions of the Board of Probation and Parole was not cognizable in a habeas corpus proceeding. Petitioner timely appealed the lower court's decision.

A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery v. Avery,* 222 Tenn. 50, 432 S.W.2d 656 (1968); *State ex rel. Wade v. Norvell,* 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). The Petitioner in this case does not argue that his sentence has expired nor does he argue that his judgment or sentence is void. Rather, Petitioner challenges the actions of the Board of Probation and Parole. Actions by the Parole Board are reviewable by the common law writ of certiorari, *see Thandiwe v. Traugher*, 909 S.W.2d 802, 803 (Tenn. App. 1994), and must be filed in chancery court. Tenn. Code Ann. § 27-9-102. The Petitioner argues, however, that the United States Supreme Court recently held that a prisoner should prosecute a writ of habeas corpus if he seeks immediate release from custody and not another parole hearing. In *Wilkinson v. Dotson,* --- U.S. ----, 125 S.Ct. 1242 (2005), the Supreme Court held that prisoners cannot use a section 1983 action to challenge the fact or duration of his confinement. Rather, such actions must be brought under the federal habeas corpus statutes or *appropriate state relief. Id.* (emphasis added). While it is true that Petitioner seeks "immediate release" from custody, the basis of his relief is not that his sentence has expired or that the judgment against him is void. Rather, his complaint challenges the Parole Board's denial of parole, including the unconstitutional application of the Board's guidelines. Such complaints are not a cognizable ground for state habeas corpus relief.

Additionally, Petitioner asserts that the right to parole is a protected liberty interest, entitling him to due process of law. Tennessee courts have consistently interpreted Tennessee law as not creating a liberty interest in parole decisions. *See, e.g., Wells v. Tennessee Bd. of Paroles,* 909 S.W.2d 826 (1995)*; Kaylor v. Bradley,* 912 S.W.2d 728, 733 (Tenn. App. 1995). There is no

constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *State v. Sutton,* 166 S.W.3d 686, 691 (Tenn. 2005) (citing *Greenholtz v. Inmates of the Neb. Penal and Corr. Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100 (1979); *Daniels v. Traughber,* 984 S.W.2d 918, 924 (Tenn. Ct. App. 1998); *see also* Tenn. Code Ann. § 40-35-503(b) (2003) (stating that "[r]elease on parole is a privilege and not a right")). Although a state may establish a parole system, it has no duty to do so, and thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.* at 7; *Board of Pardons v. Allen,* 482 U.S. 369, 373, 107 S.Ct. 2415 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Sutton*, 166 S.W.3d at 691; *see also Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.,* 929 F.2d 233, 235 (6th Cir. 1991). Therefore, Tennessee Code Annotated section 40-35-501 (2003), the statute addressing parole eligibility dates, does not provide a certainty of parole for sentences greater than two years. *Sutton*, 166 S.W.3d at 691. Rather, it simply "provides no more than a mere hope that the benefit will be obtained." *Id.* (citing *Greenholtz,* 442 U.S. at 11, 99 S.Ct. 2100).

If a habeas corpus petition fails to state a cognizable claim for relief, it may be summarily dismissed. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). The Petitioner's challenges to the Parole Board's denial of parole and to the constitutionality of the Board's guidelines are not claims recognized in a state habeas corpus proceeding as they do not result in a void judgment. Thus, the trial court properly dismissed the petition.

Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
J.C. MCLIN, JUDGE