Rose L. PARADISO, Appellant,

v.

The KROGER COMPANY, Appellee.

Court of Appeals of Tennessee,
Eastern Section.

April 17, 1973.

Certiorari Denied by Supreme Court
Sept. 17, 1973.

Andrew A. Wassick, Chattanooga, for appellant.

Bishop, Thomas, Leitner, Mann & Milburn, Chattanooga, for the Kroger Co.

Luther, Anderson & Ruth, Chattanooga, for Consolidated Sales, Inc.

## OPINION

PARROTT, Judge.

In this circuit court action Rose L. Paradiso sues the Kroger Company seeking damages allegedly resulting from a fall in the defendant's store.

At the trial below the jury returned a verdict of $4,000.00 in favor of the plaintiff. Thereafter the circuit judge sustained defendant's motion for directed verdict on the ground the plaintiff had failed to prove any actual or constructive notice of the alleged defect or dangerous condition in defendant's equipment. From this order setting aside the verdict and dismissing the suit, plaintiff has appealed.

On May 9, 1970, between 4:00 and 5:00 p. m., 79 year old Rose L. Paradiso went into defendant's store for the purpose of buying some whipping cream. She fell when her leg scraped against a piece of metal projecting from a display rack. The display rack was near a checkout lane with the back of the rack against the manager's office. The projecting metal was a piece of molding on the lower shelf which was six to eight inches above the floor. Apparently a nail which was found on the floor had come loose from the molding permitting it to project some four or five inches from the display rack into the checkout lane.

Mrs. Paradiso had been to the store before but had never observed the display rack. She never saw the projecting metal but as soon as the metal molding cut her leg, she fell.

Unquestionably, under the proof here, Mrs. Paradiso was an invitee on the defendant's premises at the time she fell.

■ Our law places an obligation on the proprietor to exercise ordinary care and diligence to maintain the premises in a reasonably safe condition. Kendall Oil Co. v. Payne, 200 Tenn. 600, 293 S.W.2d 43. However, a proprietor is not an insurer of the safety of its invitees, nor will he be held liable for injuries sustained from dangers that are obvious, reasonably apparent or as well known to the invitee as to the owner. Patterson v. Kroger Co., 54 Tenn. App. 243, 389 S.W.2d 283; Ill. Cent. R. R. Co. v. Nichols, 173 Tenn. 602, 118 S.W.2d 213.

Generally, the basis of a proprietor's liability is predicated on the ground of his superior knowledge of a perilous condition on the premises. Kendall Oil Co. v. Payne, supra.

■ It is also well established law that if the defective or dangerous condition causing the injury was not created by the proprietor or his agent but was caused or created by another or some unknown event, there must be shown either actual or constructive notice on the part of the proprietor or his agents of the dangerous or defective condition before the injured party is entitled to a recovery. Gargaro v. Kroger Grocery & Baking Co., 22 Tenn.App. 70, 118 S.W.2d 561.

■ In cases such as this case where liability is based on constructive knowledge of the dangerous or defective condition, there must be material evidence from which the trier of fact could conclude the condition existed for sufficient time and under such circumstances that one exercising reasonable care and diligence would have discovered the danger.

The length of time the condition existed is not the only factor to be considered in determining whether or not the proprietor had constructive notice of the danger. One must take into consideration the nature of the business, its size, the number of patrons, the nature of the danger, its location along with the foreseeable consequences. Allison v. Blount National Bank, 54 Tenn.App. 359, 390 S.W.2d 716; Howard v. Ammons, 55 Tenn.App. 531, 402 S. W.2d 875.

■ In this case we have absolutely no proof as to what caused the protruding metal to come loose from the display rack nor is there any proof as to when the metal came loose or the length of time it had been protruding.

In this case when the evidence is reviewed in the light most favorable to the plaintiff, we find no proof from which it can be logically inferred the defendant Kroger breached its duty and obligation to plaintiff of using ordinary care to maintain the premises in a reasonably safe condition. To establish constructive notice requires some material competent evidence from which it can be logically inferred the proprietor, by the exercise of ordinary care, would have or should have discovered the dangerous condition.

Here there is absolutely no proof as to the condition of the display rack prior to the molding coming loose. Neither is there proof as to how or when the molding came loose or what length of time and under what circumstances the defective condition existed. In the absence of evidence on these vital elements any conclusion of the trier of fact would have to be based on conjecture and speculation which would violate the cardinal rule that such conclusion must be supported by evidence. Buckeye Cotton Oil Co. v. Campagna, 146 Tenn. 389, 242 S.W. 646; Hill v. Castner-Knott Dry Goods Co., 25 Tenn.App. 230, 166 S.W.2d 638.

Therefore, since there is no evidence to support a conclusion the defendant knew or should have known of the defective condition of the rack, we sustain the trial judge's action of directing a verdict.

■ Appellant argues that since the defect was in the defendant's fixtures and equipment, there is no need of a showing of actual or constructive notice. Apparently we are being asked to hold that once the defect is proven, unless there is some explanation of how or when the defect occurred, such in itself is sufficient to warrant or establish constructive notice on the part of the defendant proprietor.

In support of this argument is cited Cherry v. Sampson, 34 Tenn.App. 29, 232 S.W.2d 610, wherein plaintiff was injured when her galosh struck a piece of loose molding of a counter in a dry cleaning establishment. That case differs from this case on the facts in that there was evidence the condition had existed for sufficient time that by the exercise of ordinary care the proprietor should have discovered the dangerous condition. The court's opinion points out "a fair inference is that this molding had not been properly nailed to the base and that this condition had existed so long as to allow the accumulation of dirt and trash behind it."

In addition to Cherry v. Sampson, supra, appellant cites cases from other jurisdictions in support of his proposition. Some of these cases seem to apply the res ipsa loquitur doctrine. Others follow the principle that the showing of a defect is sufficient to establish negligence.

As heretofore stated, it has long been a law in this state that a proprietor is charged with the obligation of exercising ordinary care and diligence to maintain the premises in a reasonably safe condition for patrons or customers coming upon the premises. We see no valid or logical reason to depart from this rule or to attempt to make exceptions or changes therein.

The assignments of error are overruled, the trial judge's action in directing the verdict affirmed with costs taxed to appellant.

COOPER, P. J. (E. S.), and SANDERS, J., concur.