# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
April 14, 2015 Session

## KYLE BEVERLY, ET. AL. v. HARDEE'S FOOD SYSTEMS, LLC

**Appeal from the Circuit Court for Roane County**
**No. 13CV60    Hon. Michael S. Pemberton, Judge**

_____

### No. E2014-02155-COA-R3-CV-FILED-JUNE 15, 2015

_____

This is a premises liability case in which the plaintiffs filed suit against the defendant, alleging that Kyle Beverly slipped and fell on the floor after entering the defendant's dining establishment. The defendant filed a motion for summary judgment, asserting that Kyle Beverly was comparatively negligent and that the plaintiffs could not prove that its employees had notice of the dangerous condition prior to the fall. Following a hearing, the trial court granted the motion for summary judgment, finding that the plaintiffs could not establish that the defendant had notice of the dangerous condition prior to the fall. The plaintiffs appeal. The decision of the trial court is affirmed in part and reversed in part. We remand this case for proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed in Part; Reversed in Part; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and THOMAS R. FRIERSON, II, JJ., joined.

John D. Agee and Amanda I. Lowe, Clinton, Tennessee, for the appellants, Kyle S. Beverly and Mary Helen Beverly.

Kenneth W. Ward, Knoxville, Tennessee, for the appellee, Hardee's Food Systems, LLC d/b/a Hardee's, a foreign corporation.

## OPINION

### I. BACKGROUND

On the morning of September 12, 2012, Kyle Beverly and his wife, Mary Helen Beverly (collectively "Plaintiffs"), traveled to a Hardee's restaurant owned by Hardee's Food Systems, LLC d/b/a Hardee's, a foreign corporation ("Defendant"). Plaintiffs

frequently dined at the restaurant for breakfast. Just as they had on many occasions, Plaintiffs parked their vehicle in the designated parking area around 9:45 a.m. and entered the restaurant from the side entrance into a vestibule. Once inside the vestibule, Mrs. Beverly entered the first door, which opens to a restroom area, while Mr. Beverly entered the second door, which opens to the restaurant. Shortly after Mr. Beverly entered the restaurant, Charlie Oran, another frequent diner at the restaurant, attracted Mr. Beverly's attention. Mr. Beverly waived at Mr. Oran and others seated with Mr. Oran and then walked into the dining area where Mr. Oran was seated. As Mr. Beverly walked toward Mr. Oran's table, he slipped in a puddle of vomit and fell, causing injury to his right ankle.

Plaintiffs later learned that on the morning of the accident, a woman and two children were seated near Mr. Oran and his companions, Carolyn Mustin, Keith Mustin, and Larry Billings. While seated, one of the children vomited on the floor. The woman wiped the child's mouth, cleared the table, gathered the children and their belongings, and left with the children, passing Mr. Beverly on her way out of the restaurant. The woman did not inform the employees on duty of the vomit. Likewise, neither Mr. Oran nor his companions informed the employees of the vomit, despite the fact that some witnessed the child vomit, while another later became aware of the vomit prior to Mr. Beverly's arrival. Instead, Mr. Oran and his companions attempted to alert Mr. Beverly as he walked toward the vomit.

The restaurant's security cameras recorded the interaction between the woman and the children and the subsequent accident. The recording established that the child vomited on the floor 3 minutes and 11 seconds before the fall and that Mr. Beverly slipped in the vomit 19 seconds after entering the restaurant and 2 seconds after he looked at the ground. The recording also established that the employees were not in the area when the child vomited or after the child vomited prior to the fall. However, the service counter was less than 20 feet from where the child vomited and Mr. Beverly fell.

Plaintiffs filed suit against Defendant, alleging negligence. Specifically, Plaintiffs claimed that Defendant was negligent by failing to maintain the premises and by failing to warn the customers of the dangerous condition. Plaintiffs sought $75,000 in compensatory damages for Mr. Beverly's injuries and $10,000 in compensatory damages for Mrs. Beverly's loss of consortium. Defendant responded by denying wrongdoing and filing a motion for summary judgment, arguing that Plaintiffs could not establish that Defendant created the dangerous condition that caused the fall or that Defendant had any knowledge, either actual or constructive, of the dangerous condition prior to the fall. Attached to the motion were affidavits completed by Pamela Wilkerson, Defendant's General Manager; Mrs. Mustin; Mr. Mustin; and Mr. Oran. The affidavit testimony

confirmed that the employees were not alerted to the vomit on the floor and that the employees did not pass through the dining area where the vomit was located.

Plaintiffs responded by asserting that material questions of fact remained from which the trier of fact could determine that Defendant had constructive notice of the dangerous condition. Plaintiffs noted that reasonable minds could differ as to whether 3 minutes and 11 seconds was a sufficient length of time to charge Defendant with constructive notice of the dangerous condition. Attached to the response was an affidavit completed by Mr. Billings, who provided that the vomit was "clearly visible to the staff working the service counter which was less than twenty (20) feet away." Defendant countered by asserting that Plaintiffs could not establish Defendant's duty to Mr. Beverly when the dangerous condition was open and obvious, thereby establishing Mr. Beverly's failure to exercise reasonable care for his own safety.

Mr. Beverly, Mr. Billings, and Mrs. Wilkerson provided deposition testimony. Mr. Beverly testified that the weather was dry on the day of the accident, that he was not intoxicated, and that he had not taken medication that affected his balance or caused dizziness. He recalled that he encountered a woman and two small children as he walked toward the restaurant and that he heard someone call his name when he entered the restaurant. He stated that he did not see the vomit before he slipped. He agreed that he would have noticed the vomit if he had been examining the floor as he walked.

Mr. Billings testified that he did not see the child vomit but that he later learned that a child had vomited. He agreed that neither he nor anyone else informed the employees of the vomit and that the employees had likely not observed the vomit prior to the fall. He noted that employees at the restaurant were quick to clean up spills in the dining area. He believed the vomit was clearly visible to the employees working behind the service counter and to anyone walking in the general area. He stated that the vomit splattered onto the floor, covering an area of approximately 12 to 15 inches.

Ms. Wilkerson testified that she was the general manager at the restaurant on the day of the accident. She could not recall when the dining area was last inspected before Mr. Beverly fell. She related that everyone was responsible for cleaning and that the employees followed a chart that was changed on a daily basis. She stated that employees were tasked with inspecting the areas inside the restaurant on an hourly basis *or* "as permitted." She explained that employees were instructed to serve customers before completing any secondary tasks like cleaning.

Following a hearing, the trial court granted the motion for summary judgment, finding that the evidence presented by Plaintiffs was "insufficient to establish constructive knowledge on the part of the Defendant" and that summary judgment was

appropriate pursuant to Tennessee Code Annotated section 20-16-101(2). The court stated,

> The videotape clearly shows the two (2) employees were quite busy serving customers during the relevant three (3) minute and eleven (11) second timeframe and that the Defendant simply did not have the requisite knowledge that the substance existed on the floor long enough that the defendant, using ordinary care, should have discovered and corrected (or adequately warned of) the unsafe condition. Had the substance been on the floor for a longer period of time and/or had the Defendant's employees actually had the opportunity to become aware of the spill, then, in the court's opinion, summary judgment would not be appropriate under § 20-[16]-101(2). However, based upon the facts as set out in the motion and the response, together with the exhibits, the Plaintiff has, at best, a "spark or glimmer" of evidence from which the jury would have to make a "leap of faith" to find that this Defendant should be charged with constructive knowledge of a dangerous condition which had only existed for three (3) minutes and eleven (11) seconds during which time its employees who might have been able to observe the condition were busy in the performance of their job duties serving other customers.

The court further found that summary judgment was inappropriate based upon the alleged comparative negligence of Mr. Beverly. In so finding, the court held that reasonable minds could differ as to whether he should have seen the substance and avoided the dangerous condition. This timely appeal followed.

## II.    ISSUES

We consolidate and restate the issues raised by Plaintiffs on appeal as follows:

A. Whether the trial court erred in granting the motion for summary judgment based upon the insufficiency of the evidence concerning Defendant's constructive knowledge of the dangerous condition.

Defendant raised an issue on appeal for our consideration that we restate as follows:

B. Whether the trial court erred in denying the motion for summary judgment when the dangerous condition was open and obvious to anyone in the general area.

C. Whether the trial court erred in denying the motion for summary judgment based upon Mr. Beverly's alleged comparative negligence.

## III.   STANDARD OF REVIEW

This action was initiated in April 2013; therefore, the dispositive summary judgment motion is governed by Tennessee Code Annotated section 20-16-101, which provides,

In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:

(1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or

(2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101.

A trial court's decision to grant a motion for summary judgment presents a question of law, which we review de novo with no presumption of correctness. *See City of Tullahoma v. Bedford Cnty.*, 938 S.W.2d 408, 417 (Tenn. 1997). We must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008); *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox Cnty. Bd of Educ.*, 2 S.W.3d 927, 929 (Tenn. 1999). If the undisputed facts support only one conclusion, then the court's summary judgment will be upheld because the moving party was entitled to judgment as a matter of law. *See White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).

## IV.   DISCUSSION

Plaintiffs argue that the trial court erred in granting the motion for summary judgment based upon the insufficiency of the evidence concerning Defendant's constructive knowledge of the dangerous condition. Plaintiffs note that they presented sufficient evidence from which a jury could infer that the dangerous condition existed for a sufficient length of time that it could have been discovered with reasonable care. Defendant responds that summary judgment was appropriate when the condition had not existed for long enough to have been discovered and corrected in the exercise of reasonable care.

In premises liability cases, liability is imposed upon property owners due to their superior knowledge of the premises. *McCormick v. Waters*, 594 S.W.2d 385, 387 (Tenn. 1980). A plaintiff seeking recovery under a premises liability theory must establish the elements of negligence. The elements of a negligence claim include:

> (1) a duty of care owed by the defendant to plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause.

*Satterfield v. Breeding Insulation Co.*, 266 S.W.3d 347, 355 (Tenn. 2008). In addition to the elements of negligence, a plaintiff must also establish:

> (1) the condition was caused or created by the owner, operator, or his agent, or (2) if the condition was created by someone other than the owner, operator, or his agent, that the owner had actual or constructive notice that the condition existed prior to the accident.

*Blair v. West Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004) (citations omitted).

Plaintiffs' claim was based upon the theory that the employees had constructive notice of the dangerous condition. "Constructive notice" is defined as "information or knowledge of a fact imputed by law to a person (although he may not actually have it) because he could have discovered the fact by proper diligence, and his situation was such as to cause upon him the duty of inquiring into it." *Hawks v. City of Westmoreland*, 960 S.W.2d 10, 15 (Tenn. 1997); *Kirby v. Macon Cnty.*, 892 S.W.2d 403, 409 (Tenn. 1994). A plaintiff can establish constructive notice in one of three ways. First, the plaintiff may demonstrate that the owner or operator of the premises caused or created the condition. *See Sanders v. State*, 783 S.W.2d 948, 951 (Tenn. Ct. App. 1989). Second, if a third party caused or created the dangerous condition, the plaintiff may prove constructive notice by evidence that the condition "existed for a length of time" that the owner/occupier "in the exercise of reasonable care, should have become aware of that condition." *Elkins v. Hawkins Cnty.*, No. E2004-02184-COA-R3-CV, 2005 WL 1183150, at *4 (Tenn. Ct. App. May 19, 2005). Third, the plaintiff may show constructive notice by proving that "a pattern of conduct, recurring incident, or general continuing condition" caused the dangerous condition. *Blair*, 130 S.W.3d at 765-66. This is often called the "common occurrence" theory. All three methods of proving constructive notice are related to the defendant's superior knowledge of the premises. *McCormick*, 594 S.W.2d at 387. By showing actual or constructive notice, a plaintiff demonstrates that the owner had a duty to act reasonably under the circumstances and remedy the condition that caused injury to the plaintiff. *Blair*, 130 S.W.3d at 766.

Plaintiffs did not assert that the employees caused or created the condition or that Defendant's pattern of conduct caused the condition. Accordingly, the claim was based upon the premise that the condition existed for such a long period of time that the employees should have become aware of the condition. "In cases such as this where liability is based upon constructive knowledge of the dangerous or defective condition, there must be material evidence from which the trier of fact could conclude the condition existed for sufficient time and under such circumstances that one exercising reasonable care and diligence would have discovered the danger." *Paradiso v. Kroger Co.*, 499 S.W.2d 78, 79 (Tenn. Ct. App. 1973). In addition to considering the length of time that the condition existed, one must also consider "the nature of the business, its size, the number of patrons, the nature of the danger, [and] its location along with the foreseeable consequences." *Id.*

In its request for summary judgment, Defendant asserted that Plaintiffs could not establish that the employees had constructive notice of the dangerous condition when the condition occurred 3 minutes and 11 seconds prior to the fall. Defendant noted that its employees periodically monitored the area in question when they were able to leave the service counter. In viewing this case in the light most favorable to Plaintiffs, we conclude that there was proof in the record that could potentially establish that Defendant had constructive knowledge of the dangerous condition that caused the fall. This was not a case where the plaintiff could not identify the source of the dangerous condition or the actual length of time that the condition was present. *See Rogers ex rel. Wright v. Autozone Stores, Inc.*, No. M2011-02606-COA-R3-CV, 2012 WL 3594342, at *7 (Tenn. Ct. App. Aug. 21, 2012), *perm. app. denied* (Tenn. Dec. 13, 2012) (upholding the grant of summary judgment when there was insufficient evidence concerning the source of the dangerous condition and the length of time the condition was present); *see also Paradiso*, 499 S.W.2d at 80 (upholding the grant of summary judgment when there was insufficient evidence concerning the length of time the dangerous condition was present).

The parties in this case knew exactly what caused the dangerous condition and the exact amount of time the condition existed prior to the fall. Additionally, numerous factors, e.g., the nature of the business, the revolving number of patrons, and the nature of the danger, its location, and foreseeable consequences, support the claim that Defendant could be charged with constructive notice of the dangerous condition. With these considerations in mind, we hold that there was material evidence from which the trier of fact could infer that the dangerous condition existed for such a length of time that one exercising reasonable care would have discovered it. Accordingly, we conclude that the trial court erred in granting the motion for summary judgment.

Defendant argues that the trial court erred in denying its motion for summary judgment because it did not have a duty to warn Mr. Beverly when the dangerous condition at issue was open and obvious. Defendant further argues that a jury could not reasonably conclude that Mr. Beverly was less than 50 percent at fault for his injuries. Plaintiffs respond that Defendant's issues are not properly before this court because Defendant did not appeal the court's partial denial of the motion for summary judgment.

Despite the claim to the contrary, Defendant's issues are properly before this court because these issues were addressed by the trial court and raised by Defendant in its appellate brief. Tenn. R. App. P. 13(a).[1]

In cases involving premises liability, "the premises owner has a duty to exercise reasonable care under all circumstances to prevent injury to persons lawfully on the premises." *Dobson v. State*, 23 S.W.3d 324, 330 (Tenn. Ct. App. 1999) (citing *Eaton v. McLain*, 891 S.W.2d 587, 593-94 (Tenn. 1994)). The key to premises liability is foreseeability. *Id.* at 331. For a plaintiff to prevail in such a case, he or she must prove that "the injury was a reasonably foreseeable probability and that some action within the defendant's power more probably than not would have prevented the injury." *Id.* The risk of harm is foreseeable when "a reasonable person could foresee the probability of its occurrence or if the person was on notice that the likelihood of danger to the party to whom is owed a duty is probable." *Downs ex rel. Downs v. Bush*, 263 S.W.3d 812, 820 (Tenn. 2008) (citations omitted). The foreseeability of harm is to be determined "as of the time of the acts or omissions claimed to be negligent" occurred. *Doe v. Linder Constr. Co.*, 845 S.W.2d 173, 178 (Tenn. 1992). In prior cases, we have addressed the duty of care placed on a premises owner as follows:

> This duty is based upon the assumption that the owner has superior knowledge of any perilous conditions that may exist on the property. *See Kendall Oil Co. v. Payne*, 293 S.W.2d 40, 42 (Tenn. Ct. App. 1955). The duty includes the obligation of the owner to maintain the premises in a reasonably safe condition, and to remove or warn against latent or hidden dangerous conditions of which the owner is aware or should be aware through the exercise of reasonable diligence. *Eaton*, 891 S.W.2d at 593-94. However, our Supreme Court has held that a duty may exist even where the injury-causing condition is alleged to be open and obvious to the plaintiff . . . the duty must be analyzed with regard to foreseeability

---

[1] "Except as otherwise provided in Rule 3(e), any question of law may be brought up for review and relief by any party. Cross-appeals, separate appeals, and separate applications for permission to appeal are not required. Dismissal of the original appeal shall not preclude issues raised by another party from being considered by an appellate court."

and gravity of harm, and the feasibility and availability of alternative conduct that would have prevented the harm. *Coln v. City of Savannah*, 966 S.W.2d 34, 43 (Tenn. 1998) . . . . Only after a duty is established does comparative fault come into play. *Id.* at 42.

*Green v. Roberts*, 398 S.W.3d 172, 177 (Tenn. Ct. App. 2012).

Here, the foreseeability and gravity of harm outweighed the feasibility and availability of alternative conduct, namely performing regular inspections of the dining area rather than only performing inspections when patrons were not awaiting service at the service counter. We, like the trial court, believe that reasonable minds could differ as to whether Mr. Beverly should have seen the substance on the floor in time to avoid the dangerous condition. The record reflects that Mr. Beverly was not in the store when the child vomited and that he slipped in the vomit within 19 seconds of entering the store through the designated entrance and within 2 seconds of looking at the ground. Mr. Beverly was a regular patron of the restaurant, where it was understood that employees were generally quick to clean spills in the dining area. With these considerations in mind, we conclude that the trial court did not err in partially denying the motion for summary judgment on the basis of the open and obvious nature of the dangerous condition and Mr. Beverly's alleged comparative negligence.

## V.    CONCLUSION

The judgment of the trial court is reversed, as to the grant of summary judgment based upon the insufficiency of the evidence concerning Defendant's constructive knowledge of the dangerous condition. The judgment of the trial court is affirmed, as to the denial of summary judgment based upon the open and obvious nature of the dangerous condition and Mr. Beverly's alleged comparative fault. The case is remanded to the trial court for proceedings consistent with this opinion. Costs of the appeal are taxed to the appellee, Hardee's Food Systems, LLC d/b/a Hardee's, a foreign corporation.

_____
JOHN W. McCLARTY, JUDGE