IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 20, 2016 Session

## CARLA LANDRUM, ET AL. v. METHODIST MEDICAL CENTER, ET AL.

**Appeal from the Circuit Court for Anderson County**
**No. B4LA0187      Donald Ray Elledge, Judge**
_____

**No. E2015-01733-COA-R3-CV-FILED-JULY 25, 2016**
_____

This is a premises liability action in which the plaintiffs, a husband and wife, filed suit against the defendant hospital for personal injuries and other damages resulting from wife's slip and fall. The trial court granted the defendant's motion for summary judgment, holding that the plaintiffs failed to demonstrate defendant's actual or constructive knowledge of the dangerous condition by failing to proffer material evidence establishing the cause, source, or duration of the dangerous condition. The plaintiffs appeal. We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and J. STEVEN STAFFORD, P.J., W.S., joined.

John D. Agee and Amanda I. Lowe, Clinton, Tennessee, for the appellants, Carla Landrum and Jerry Lee Landrum.

F. Michael Fitzpatrick and Rachel P. Hurt, Knoxville, Tennessee, for the appellees, Methodist Medical Center of Oak Ridge and Covenant Health.

## OPINION

## I.  BACKGROUND

On October 1, 2013, Carla Landrum was visiting her mother, a patient of Methodist Medical Center of Oak Ridge ("Methodist") in Anderson County, Tennessee, when she

slipped and fell in a puddle of water near the 5th floor nurse's station. She suffered a fractured patella and other injuries as a result of the fall and underwent surgery approximately three days later.

On September 19, 2014, Mrs. Landrum and her husband, Jerry Lee Landrum ("the Landrums"), filed suit against Covenant Health ("Covenant") as owner/operator of the premises and Methodist (collectively, "Defendants"). In their complaint, the Landrums alleged, *inter alia*, that Defendants were under a duty of care to Mrs. Landrum, that Defendants - by and through their agents and/or employees - breached that duty by negligently failing to alleviate, remediate, or warn against the "hazardous and dangerous condition" created by the puddle of water and that her injuries were a direct result of Defendants' negligence. Defendants denied liability, asserting that Mrs. Landrum had equal or superior knowledge of the existence of the puddle, that any alleged danger would have been open and obvious to her as she approached the affected area of the premises, and that Methodist's employees had neither actual nor constructive knowledge of the puddle.

In her deposition, Mrs. Landrum testified that on the morning of the incident, she exited her mother's hospital room, walked unaccompanied past the 5th floor nurse's station to the elevators, and exited the building. She did not notice a puddle on the floor as she exited. She stated further that she fell while she was returning to her mother's hospital room along the same route not more than 15 minutes later and that she did not notice the puddle until she had already fallen. She did not know what caused the puddle or how long the puddle had existed. Mr. Landrum, who was not present at the hospital at the time of the incident, also testified that he had no knowledge as to the source of the puddle or how long the puddle had existed prior to his wife's fall.

Methodist employees Chris Slaymaker and Deirdre Warner were at the 5th floor nurse's station at the time of Mrs. Landrum's fall. In his deposition, Mr. Slaymaker stated that he did not notice the puddle until after Mrs. Landrum fell. He estimated that the puddle was two to three square feet in size and stated that he had no knowledge regarding what caused the puddle or how long the puddle had existed. Ms. Warner testified during her deposition that the puddle was "large," that she did not know what caused the puddle or how long it had existed, and that she did not notice the puddle until after Mrs. Landrum had fallen.

After discovery, Defendants filed separate motions for summary judgment. The trial court held a hearing on August 21, 2015, and entered orders granting summary judgment to each defendant on August 31, 2015.

As to defendant Covenant, the court found that Covenant "[did] not own or operate the premises, Methodist hospital, where the subject fall occurred" and was therefore entitled to judgment as a matter of law. That ruling is not at issue in this appeal.

As to defendant Methodist, the court found that the Landrums failed to demonstrate "that Methodist Medical Center had actual or constructive knowledge of the dangerous condition" and held specifically that the Landrums, as a matter of law, "failed to proffer material evidence that established the cause or source of the dangerous condition or the actual length of time the condition was present." This timely appeal followed.

## II. ISSUE

We consolidate and restate the single issue raised on appeal as follows: Whether the trial court erred in granting Methodist's motion for summary judgment based upon the Landrums' failure to demonstrate Methodist's actual or constructive knowledge of the dangerous condition.

## III. STANDARD OF REVIEW

Rule 56.04 of the Tennessee Rules of Civil Procedure provides that summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. To make this showing the moving party – where it does not bear the burden of proof at trial – must either "(1) affirmatively negat[e] an essential element of the nonmoving party's claim or (2) [demonstrate] that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

This court reviews a trial court's grant of summary judgment de novo with no presumption of correctness. *See City of Tullahoma v. Bedford Cnty.*, 938 S.W.2d 408, 412 (Tenn. 1997). In reviewing the trial court's decision, we must view all of the evidence in the light most favorable to the non-movant and resolve all factual inferences in the non-movant's favor. *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox. Cnty. Bd. Of Educ.*, 2 S.W.3d 927, 929 (Tenn. 1999). If the undisputed facts support only one conclusion, then the moving party is entitled to judgment as a matter of law and the trial court's decision will be upheld. *See White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).

## IV. DISCUSSION

The Landrums argue that the trial court erred in granting the motion for summary judgment because genuine issues of fact remained as to Methodist's actual or constructive knowledge of the puddle which caused Mrs. Landrum's fall. They assert that the busy nature of the centrally-located nurse's station, employee Chris Slaymaker's proximity to the puddle before Mrs. Landrum's fall, the size of the puddle itself, and the employees' failure to notice

or remove the puddle could allow a reasonable juror to infer Methodist's constructive knowledge of the dangerous condition, and could lead a reasonable jury to a finding of negligence. Methodist responds that the trial court did not err in finding that the Landrums could not establish constructive knowledge of the puddle because they could not demonstrate where the puddle came from or how long it had existed prior to Mrs. Landrum's fall.

In premises liability cases, property owners bear liability due to their superior knowledge of the premises, *McCormick v. Waters*, 594 S.W.2d 385, 387 (Tenn. 1980), and are under "a duty to exercise reasonable care under all circumstances to prevent injury to persons lawfully on the premises." *Dobson v. State*, 23 S.W.3d 324, 330 (Tenn. Ct. App. 1994) (internal citation omitted).

Successful recovery under a premises liability theory requires a plaintiff to establish, in addition to the common-law elements of negligence,[1] that the condition which allegedly caused the plaintiff's injuries "was caused or created by the owner, operator, or his agent," or, if the condition was not caused by any of these parties, "that the owner had actual or constructive notice that the condition existed prior to the accident." *Blair v. West Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004).

The Landrums argue that Methodist, through its agents and employees, had constructive notice of the puddle which caused Mrs. Landrum's fall. Constructive notice has been defined by the Tennessee Supreme Court as "information or knowledge of a fact imputed by law to a person (although he may not actually have it), because he could have discovered the fact by proper diligence, and his situation was such as to cast upon him the duty of inquiring into it." *Kirby v. Macon Cnty.*, 892 S.W.2d 403, 409 (Tenn. 1994), quoting *Black's Law Dictionary*, 1062 (6th ed. 1990). To establish constructive notice, a plaintiff must show that the dangerous condition at issue:

(1) was caused or created by the defendant;
(2) was not caused or created by the defendant, but existed long enough such that the defendant should have become aware of it; or
(3) was caused by a pattern of conduct, recurring incident, or general continuing condition.

*Willis v. McDonald's Rests. of Tenn., Inc.*, No. E2015-00615-COA-R3-CV, 2015 WL 9426271 (Tenn. Ct. App. Dec. 23, 2015), *appeal denied* (Tenn. Apr. 7, 2016) (citations omitted). A showing of any one of these establishes the property owner's "duty to act

---

[1] The common-law elements of negligence are well settled: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause. *Blair v. West Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004) (citations omitted).

reasonably under the circumstances and remedy the condition that caused the injury to the plaintiff." *Blair*, 130 S.W.3d at 766.

The Landrums argue that the puddle which caused Mrs. Landrum's fall existed for such a long period of time that Methodist employees should have had knowledge of the dangerous condition the puddle created. "In cases such as this . . . there must be material evidence from which the trier of fact could conclude the condition existed for sufficient time and under such circumstances that one exercising reasonable care and diligence would have discovered the danger." *Paradiso v. Kroger Co.*, 499 S.W. 2d 78, 79 (Tenn. Ct. App. 1973).

In viewing this case in the light most favorable to Mr. and Mrs. Landrum, we can find no proof in the record that could potentially establish that Methodist had constructive knowledge of the puddle that caused Mrs. Landrum to fall. There is no evidence in the record indicating the source of the puddle, and we do not believe there is any evidence in the record to infer that Methodist's employees should have discovered the puddle before Mrs. Landrum's fall, especially considering Mrs. Landrum's testimony that she traversed the same route not more than 15 minutes prior and that she did not notice the puddle until she had already fallen. Without any additional evidence as to the source of the puddle or the length of time the puddle existed, we hold that there was no material evidence from which the trier of fact could infer that the dangerous condition existed for such a length of time that one exercising reasonable care and diligence would have discovered it. Accordingly, we uphold the trial court's order granting Methodist's motion for summary judgment.

## V. CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed equally to the appellants, Carla Landrum and Jerry Lee Landrum.

_____
JOHN W. MCCLARTY, JUDGE