IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 1, 2024

## JANICE FARMER v. WAL-MART STORES EAST, LP

**Appeal from the Circuit Court for Lauderdale County**
No. 7102      A. Blake Neill, Judge

_____

**No. W2023-00468-COA-R3-CV**

_____

Appellant filed this premises liability action against Appellee after she fell inside Appellee's store. The trial court granted Appellee's motion for summary judgment, finding that Appellant failed to establish that a dangerous condition existed or that Appellee had actual or constructive knowledge of a dangerous condition, if it did exist. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ANDY D. BENNETT and KRISTI M. DAVIS, JJ., joined.

Christopher L. Taylor, Memphis, Tennessee, for the appellant, Janice Farmer.

Brandon W. Reedy, Jackson, Tennessee, for the appellee, Wal-Mart Stores East, LP.

## OPINION

### I. Background

On August 3, 2018, Appellant Janice Farmer visited Appellee Wal-Mart Stores, East, LP's ("Walmart") store. As she was attempting to retrieve a shopping cart, Ms. Farmer fell. On July 8, 2019, Ms. Farmer filed a complaint for negligence against Walmart in the Circuit Court of Lauderdale County, Tennessee ("trial court"). In her complaint, Ms. Farmer alleged that her slip-on sandal caught on a floor mat, causing her to fall and sustain injuries. Both the floor mat and the shopping cart were located inside the store. On August

12, 2019, Walmart filed an answer denying liability.

On February 18, 2022, Walmart filed a motion for summary judgment. Therein, Walmart argued that it was entitled to summary judgment for three reasons: (1) Ms. Farmer could not prove that the floor mat was in a dangerous condition when she fell; (2) even if the floor mat was in a dangerous condition, Walmart did not have actual or constructive notice of same before Ms. Farmer fell; and (3) even if Walmart had notice, reasonable minds could only conclude that Ms. Farmer's fault was equal to or greater than any fault allegedly attributable to Walmart. On February 24, 2023, Ms. Farmer filed a response in opposition to the motion for summary judgment.

On February 27, 2023, the trial court heard Walmart's motion for summary judgment. By order of March 3, 2023, the trial court granted the motion. The trial court concluded that Walmart met its burden to show that Ms. Farmer's evidence was insufficient to establish that: (1) a dangerous condition existed at the time of her fall; and (2) such dangerous condition (if it did exist) was either caused by a Walmart employee or that a Walmart employee had actual or constructive notice of the dangerous condition prior to Ms. Farmer's fall. Ms. Farmer filed a timely appeal.

## II. Issue

The sole issue on appeal is whether the trial court erred in granting Walmart's motion for summary judgment.

## III. Standard of Review

A trial court's decision to grant a motion for summary judgment presents a question of law. Therefore, our review is *de novo* with no presumption of correctness afforded to the trial court's determination. ***Bain v. Wells***, 936 S.W.2d 618, 622 (Tenn. 1997). This Court must make a fresh determination that all requirements of Tennessee Rule of Civil Procedure 56 have been satisfied. ***Green v. Green***, 293 S.W.3d 493, 514 (Tenn. 2009). When a motion for summary judgment is made, the moving party has the burden of showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The Tennessee Supreme Court has explained that when the party moving for summary judgment does not bear the burden of proof at trial, "the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense." ***Rye v. Women's Care Center of Memphis, MPLLC***, 477 S.W.3d 235, 264 (Tenn. 2015) (italics omitted). Furthermore,

"When a motion for summary judgment is made [and] . . . supported as

provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" at the summary judgment stage "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, [*Ltd. v. Zenith Radio Corp*.], 475 U.S. [574,] 586, 106 S. Ct. 1348 [(1986)]. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.

*Rye*, 477 S.W.3d at 265. With the foregoing in mind, we turn to the substantive issue.

## IV. Analysis

To prevail on a negligence claim, a plaintiff must provide evidence to establish the following elements: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the plaintiff suffered an injury or loss; (4) cause in fact; and (5) proximate or legal cause. *King v. Anderson Cnty.*, 419 S.W.3d 232, 246 (Tenn. 2013). Walmart's motion for summary judgment focused on the second element, *i.e.,* whether Walmart breached its duty of care to Ms. Farmer. In premises liability actions, such as the case at bar, a premises owner's duty is to exercise "reasonable care with regard to social guests or business invitees on the premises. The duty includes the responsibility to remove or warn against latent or hidden dangerous conditions on the premises of which one was aware or should have been aware through the exercise of reasonable diligence." *Rice v. Sabir*, 979 S.W.2d 305, 308 (Tenn. 1998). In premises liability cases, liability stems from the premises owner's superior knowledge of the condition of the premises. *McCormick v. Waters*, 594 S.W.2d 385, 387 (Tenn. 1980). Although, "[b]usiness proprietors are not insurers of their patrons' safety[,] they are required to use due care under all the circumstances." *Blair v. W. Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004) (citing *Martin v. Washmaster Auto Ctr., U.S.A.*, 946 S.W.2d 314, 318 (Tenn. Ct. App. 1996)). Accordingly, because a property owner possesses superior knowledge of the property, they have "the responsibility of either removing, or warning against, any dangerous condition on the premises of which the property owner is *actually aware* or *should be aware* through the exercise of reasonable diligence." *Parker v. Holiday Hosp. Franchising, Inc.*, 446 S.W.3d 341, 350 (Tenn. 2014) (emphasis added) (citing *Eaton v. McLain*, 891 S.W.2d 587, 594 (Tenn. 1994)).

As the Tennessee Supreme Court has explained, in addition to the elements of negligence, the plaintiff in a premises liability action must also establish that:

1) the condition was caused or created by the owner, operator, or his agent,

- 3 -

or

2) if the condition was created by someone other than the owner, operator, or his agent, that the owner or operator had actual or constructive notice that the condition existed prior to the accident.

*Blair*, 130 S.W.3d at 764. The Tennessee Supreme Court defines "actual notice" as "knowledge of facts and circumstances sufficiently pertinent in character to enable reasonably cautious and prudent persons to investigate and ascertain as to the ultimate facts." *Kirby v. Macon Co.*, 892 S.W.2d 403, 409 (Tenn. 1994) (quoting *Texas Co. v. Aycock*, 227 S.W.2d 41, 46 (Tenn. 1950)). "'Constructive notice' is defined as 'information or knowledge of a fact imputed by law to a person (although he [or she] may not actually have it) because he [or she] could have discovered the fact by proper diligence, and his [or her] situation was such as to cast upon him [or her] the duty of inquiring into it.'" *Parker*, 446 S.W.3d at 351 (citing *Hawks v. City of Westmoreland*, 960 S.W.2d 10, 15 (Tenn. 1997)). To establish constructive notice, the plaintiff must show "proof that the dangerous or defective condition existed for such a length of time that the defendant, in the exercise of reasonable care, should have become aware of the condition." *Blair*, 130 S.W.3d at 764. "[W]here liability is based on constructive knowledge of the dangerous or defective condition, there must be material evidence from which the trier of fact could conclude the condition existed for sufficient time and under such circumstances that one exercising reasonable care and diligence would have discovered the danger." *Paradiso v. Kroger Co.*, 499 S.W.2d 78, 79 (Tenn. Ct. App. 1973).

Under Tennessee Rule of Civil Procedure Rule 56.03, the party moving for summary judgment must submit a statement of undisputed material facts "to assist the [c]ourt in ascertaining whether there are any material facts in dispute." Tenn. R. Civ. P. 56.03. The party opposing the motion for summary judgment must submit a "response to each fact set forth by the movant either (i) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (iii) demonstrating that the fact is disputed." Tenn. R. Civ. P. 56.03. "Each disputed fact must be supported by specific citation to the record." Tenn. R. Civ. P. 56.03. The non-movant may also respond with "a concise statement of any additional facts that the non-movant contends are material and as to which the non-movant contends there exists a genuine issue to be tried." Tenn. R. Civ. P. 56.03. Each disputed fact shall be set forth in a numbered paragraph with specific citations to the record. Tenn. R. Civ. P. 56.03. "The purpose of these requirements is to 'assist the Court in focusing on the crucial portions of the record' in determining whether there is a genuine issue requiring a trial on the merits." *Owens v. Bristol Motor Speedway, Inc.*, 77 S.W.3d 771, 774 (Tenn. Ct. App. 2001) (citing Advisory Committee Comment to Tenn. R. Civ. P. 56.03).

In its motion for summary judgment, Walmart argued, *inter alia*, that Ms. Farmer's evidence at the summary judgment stage was insufficient to prove that: (1) the floor mat

was in a dangerous condition when she fell; and (2) even if the floor mat was in a dangerous condition, Walmart had actual or constructive notice of the alleged dangerous condition before Ms. Farmer fell. Walmart's summary judgment evidence consisted of: (1) Ms. Farmer's deposition; (2) Walmart's response to Ms. Farmer's first set of interrogatories; and (3) screenshots from surveillance videos of the store taken on the day of the incident. In compliance with Rule 56.03, Walmart submitted the following allegedly undisputed material facts:

18. [Ms. Farmer] first noticed the presence of the [floor mat] on the floor after she fell.

***

20. [Ms. Farmer] believes that she tripped and fell on the [floor mat] "because it wasn't flat on the floor."

21. [Ms. Farmer] believes that, when she fell, "[t]he front edge of the [floor mat] wasn't flat."

22. The first time [Ms. Farmer] saw that "[t]he front edge of the [floor mat] wasn't flat" was after she fell when paramedics turned her over.

***

25. When asked if she believed that Walmart did something to the [floor mat] before her fall, [Ms. Farmer] testified "I don't know. All I know, the [floor mat] wasn't flat on the floor."

26. [Ms. Farmer] does not know if anyone at Walmart saw the alleged issue with the [floor mat] before she fell.

27. [Ms. Farmer] does not know how long the alleged issue with the [floor mat] existed before she fell.

***

29. [Ms. Farmer] believes that Walmart is at fault here because the [floor mat] was on the ground at Walmart and she fell on the [floor mat].

30. [Ms. Farmer] does not know if Walmart was aware of the alleged issue with the [floor mat] before she fell.

As demonstrated above, Walmart's statement set forth the following allegedly

undisputed facts: (1) Ms. Farmer did not see the floor mat on the floor prior to her fall; (2) the first time Ms. Farmer saw that the floor mat was not flat was after she fell when the paramedics turned her over on the ground; (3) Ms. Farmer did not know if anyone at Walmart saw the alleged issue with the floor mat before she fell; (4) Ms. Farmer did not know how long the alleged issue with the floor mat existed before she fell; and (5) Ms. Farmer did not know if Walmart was aware of the alleged issue before she fell. In short, Ms. Farmer did not know whether the floor mat was in a dangerous condition before she fell, and she also did not know whether anyone else, e.g. Walmart patron or employee, was aware of the allegedly dangerous condition before she fell.

In her response to Walmart's statement of undisputed material facts, Ms. Farmer admitted that each of the above facts was undisputed. In short, Ms. Farmer admitted that she did not know the condition of the floor mat prior to her fall, nor did she know whether anyone else was aware of the allegedly dangerous condition of the floor mat prior to her fall. Concerning paragraphs 26, 27, 29, and 30, Ms. Farmer asserted additional facts based on the store manager, Monique Copeland's, deposition testimony. Specifically, Ms. Farmer alleged that: (1) the floor mats were placed by Walmart employees; (2) the floor mats were laid down when there was rain or moisture outside; (3) Ms. Copeland was unaware of whether or when maintenance employees most recently inspected the floor mats; and (4) the area from which Ms. Farmer retrieved the shopping cart "should have been roped off because that is the area that the employee[s] push the [shopping carts] in from outside," but it was not roped off the day of the incident. Ms. Farmer did not file an additional statement of undisputed facts, nor did she file additional summary judgment evidence. Although Ms. Farmer cited to Ms. Copeland's deposition in her responses to Walmart's motion for summary judgment and its statement of undisputed facts, Ms. Copeland's deposition does not appear in the record.

The gravamen of Ms. Farmer's response to the motion for summary judgment was that Walmart created the condition that caused Ms. Farmer's injuries because Walmart employees placed the floor mat on the ground. A floor mat on the ground is not, *ipso facto*, a dangerous condition, and the mere fact that Ms. Farmer fell when she was standing on or near the floor mat is not proof that Walmart was negligent. ***Mangum v. Golden Gallon Cor.***, No. 01A01-9709-CV-00459, 1999 WL 114221, at *3-4 (Tenn. Ct. App. Mar. 5, 1999) ("Placing a mat at the entrance of a business establishment does not create a dangerous condition as a matter of law."). However, "an improperly maintained mat could be a dangerous condition that could expose the owner or possessor of the premises to liability." *Id.* at *4. Even so, to survive summary judgment, Ms. Farmer was required to "set forth specific facts" showing that there was a genuine issue for trial. ***Rye***, 477 S.W.3d at 265. Specifically, Ms. Farmer was required to show that: (1) the floor mat was in a dangerous condition before she fell; (2) Walmart's employees caused the floor mat to be in a dangerous condition; or (3) someone else created the dangerous condition with the floor mat, but Walmart's employees either knew or should have known of the condition prior to Ms. Farmer's fall. ***Blair***, 130 S.W.3d at 764; *see also* ***Mangum***, 1999 WL 114221, at *4.

- 6 -

Ms. Farmer failed to present any summary judgment evidence to prove any of these necessary elements.

Without presenting any additional proof in response to the motion for summary judgment, Ms. Farmer argued that: (1) there was an "iron piece" that caused the floor mat to be unlevel; (2) the area from which Ms. Farmer retrieved the shopping cart should have been roped off "because that is the area the employees bring the [shopping carts] back in from the outside;" and (3) the floor mats were to be placed on the floor only when it was raining or had been raining and "the weather that day was beautiful." Concerning the "iron piece" argument, Ms. Farmer only briefly mentioned such "iron piece" in her response to the motion for summary judgment, and she failed to either develop this argument or to submit any additional evidence to connect the iron piece to her fall or to Walmart's liability. Ms. Farmer's remaining arguments were predicated on Ms. Copeland's deposition testimony. Because Ms. Copeland's deposition was not in the record, any alleged facts that arose from Ms. Copeland's testimony were not supported by the record, and the trial court could not consider them. *See* Tenn. R. Civ. P. 56.03. However, even assuming, *arguendo*, that the trial court could consider Ms. Copeland's testimony, these alleged statements/facts were unrelated to the substantive issue. At most, the alleged portions of Ms. Copeland's deposition that Ms. Farmer cited were insufficient to establish that Walmart failed to follow its internal policy on the day of the incident. For example, relying on Ms. Copeland's alleged statements, Ms. Farmer argued that Walmart usually roped off the area from which Ms. Farmer retrieved her shopping cart but failed to do so that day. Notably, Ms. Farmer did not allege that she was injured because the area around the shopping carts was not roped off. Rather, she alleged that she was injured because a floor mat was not lying flat on the floor. Similarly, relying on Ms. Copeland's alleged statements, Ms. Farmer argued that Walmart usually placed the floor mats on the floor when it was raining or wet outside, but it was "beautiful" the day of the incident. Whether the floor mat should have been placed on the floor pursuant to Walmart's policy is a separate question from whether the floor mat was in a dangerous condition when Ms. Farmer fell. Ms. Farmer makes these same allegations and cites to these same "facts" in her appellate brief. However, as Walmart notes in its appellate brief, "'statements of fact made in or attached to pleadings [or] briefs . . . are not evidence and may not be considered by an appellate court unless they are properly made part of the record,' *i.e.,* approved by the trial court." ***Reid v. Reid***, 388 S.W.3d 292, 295 (Tenn. Ct. App. 2012) (internal citation omitted). As noted above, it appears from the record that Ms. Copeland's deposition was not filed with the trial court. Even if the deposition was filed with the trial court, it does not appear in our appellate record. Accordingly, we cannot consider the above alleged "facts" from Ms. Copeland's deposition in our appellate review. *See* Tenn. R. App. P. 13(c) ("The . . . Court of Appeals . . . may consider those facts established by the evidence in the trial court and set forth in the record and any additional facts that may be judicially noticed or are considered pursuant to rule 14.").

As discussed above, Ms. Farmer did not set out any specific facts to establish that:

(1) the floor mat was in a dangerous condition when she fell; (2) Walmart's employees created a dangerous condition with the floor mat; or (3) the floor mat was in a dangerous condition for a sufficient time prior to her fall such that Walmart knew or should have known about the floor mat's condition. Tenn. R. Civ. P. 56.06; *Rye*, 477 S.W.3d at 265. Ms. Farmer's allegations are exactly what the Tennessee Supreme Court warned against in *Rye*; she has done no more than to show "that there is some metaphysical doubt as to the material facts," *i.e.* there is a metaphysical doubt concerning the condition of the floor mat before she fell. *Matsushita Elec. Indus. Co., Ltd.*, 475 U.S. at 586. We agree with the trial court that "[t]he undisputed material facts demonstrate that [Ms.] Farmer can establish neither that a dangerous condition existed nor, even if a dangerous condition did exist, that Wal-Mart had actual or constructive knowledge of the dangerous condition." Therefore, Ms. Farmer's evidence at the summary judgment stage was insufficient to establish Walmart's negligence, and the trial court did not err in granting the motion in favor of Walmart.

## V. Conclusion

For the foregoing reasons, we affirm the trial court's order. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellant, Janice Farmer, for all of which execution may issue if necessary.

_s/ Kenny Armstrong_
KENNY ARMSTRONG, JUDGE
